# Holifield *v.* Robinson.

*Bill in Equity to enforce payment of Legacy in Trust.*

1. *Bequest to county, in trust for preservation of private burial-place.* Neither the county as a corporation, nor the court of county commissioners, has power to take a bequest in perpetuity, in trust to lend or invest the money, and to appropriate the annual interest to the repair and preservation of the private burial-ground of the testatrix and her family.

APPEAL from the Chancery Court of Lee.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 2d June, 1885, in the name of Chambers county, the judge of probate, and the sev-

[Holifield v. Robinson.]

eral county commissioners, in their official capacity, against Joseph A. Holifield, as the executor of the last will and testament of Mrs. Mary F. McLemore, deceased, and sought to enforce the payment of a legacy. Mrs. McLemore died in May, 1882, and her last will and testament was duly proved and admitted to probate on the 24th August following, letters testamentary being granted to said Holifield on the same day. The 11th item of the will, under which the legacy was claimed by the complainants, was in these words: "I give and bequeath to the commissioners of roads and revenue of the county of Chambers and State of Alabama, and their successors in office, or to such authority as may control the finances of said county, the sum of one thousand dollars ($1,000), to be held in perpetuity in trust, and direct that the legal interest arising from the said sum of one thousand dollars be expended annually in the repair, preservation and neat keeping of the grounds and monuments of myself, my first husband, William George, my second husband, Charles McLemore, and my father and mother, all being and will be buried in said county of Chambers; and I earnestly entreat that this bequest and trust will be forever faithfully executed; said sum of one thousand dollars to be raised from the sale of my real estate in the city of Birmingham, Alabama."

The defendant demurred to the bill, assigning as grounds of demurrer, among others—1st, that the bequest in perpetuity was void; 2d, that the county commissioners were incapable of taking the bequest; 3d, that Chambers County was improperly joined as a complainant in the bill. The chancellor sustained the demurrer as to the misjoinder of the county as a party, and ordered the name to be stricken out; but overruled the demurrer on the other grounds assigned, held the bequest valid, and, on final hearing on pleadings and proof, rendered a decree for the complainants, and ordered the money to be paid over to them. The defendant appeals from this decree, and here assigns it as error.

GEO. P. HARRISON, Jr., and TROY, TOMPKINS & LONDON, for appellant.—The bequest is an attempt to create a perpetuity, and is void, unless it can be sustained as a charitable bequest. 1 Perry on Trusts, § 384, note 1; *Jones v. Habersham*, 107 U. S. 174; *Williams v. Pearson*, 38 Ala. 299. But it is not a charitable bequest, within the rule against perpetuities, though it may be sustained when no perpetuity is attempted. Adams' Equity, 66; 2 Bla. Com. 273-4; *Doe v. Pitcher*, 6 Taunton, 359; 3 M. & S. 407; 2 Wms. Ex'rs, 920; *Lloyd v. Lloyd*, 10 Eng. L. & Eq. 139; *Dawson v. Small*, L. R., 18 Eq. Cas. 114; *Jones v. Habersham*, 9 Moak's R. 685; *Mel-*

*lick v. Asylum*, 1 Jac. 180; *Gilmer v. Gilmer*, 41 Ala. 1. The county commissioners are not a corporation, and can not take the bequest.—Perry on Trusts, §§ 46, 47; *Baptist Asso. v. Hart*, 4 Wheaton, 27; *Inglis v. Trustees*, 3 Peters, 99.

DOWDELL & DENSON, *contra.*—That the county commissioners are capable of taking the bequest, see *Carter v. Balfour*, 19 Ala. 814. That the bequest is charitable, see Perry on Trusts, vol. 2, § 706, and authorities there cited; also, *Williams v. Pearson*, 38 Ala. 299. The doctrine is well settled, in Alabama, that a court of equity will uphold bequests to charitable uses, where an ascertainable object is designated by the testator, although no trustee is appointed, or the appointed trustee is incapable of taking the legal interest. 19 Ala. 814; 38 Ala. 299.

SOMERVILLE, J.—Whether we regard this bill as one filed by the county of Chambers, or by complainants as members of the court of County Commissioners of that county, it is, in either aspect, entirely wanting in equity. Its purpose is to enforce a trust created by the last will and testament of Mrs. Mary F. McLemore. This trust arises under the eleventh item of the will, in which the testatrix gives and bequeaths " to the Commissioners of Roads and Revenues of the county of Chambers and State of Alabama, and their successors in office, or to such authority as may control and direct the finances of said county of Chambers," the sum of one thousand dollars, " to be held in perpetuity in trust." It is directed that the legal interest arising from this sum " be expended annually in the repair, preservation and safe-keeping " of the burial-grounds and monuments of the testatrix, and of certain deceased members of her family, which are located in the county of Chambers.

It is argued, that this clause of the will creates a perpetuity, and is a bequest not in its nature charitable, and that it is for this reason void. The point is one in reference to which the authorities are not agreed, and its consideration is unnecessary for the decision of this case. We, therefore, pretermit it. 2 Perry on Trusts (3d Ed.), § 706, and cases there cited.

We are quite clear in the view, that the complainants are legally incapable of accepting this trust, even though it be construed to be a charitable devise. If they do so at all, it must necessarily be in their official and corporate capacity; for in no other way can they claim to have perpetuity of existence, or succession, and they are not personally named in the will. The duties imposed by the trust are most obviously repugnant to, and inconsistent with the well defined purposes for which

the public corporations, known in this State as counties, were created and organized. Counties are corporate political sub-divisions of the State, designed as agencies in the administration of civil government, and more particularly intended to aid in promoting the paramount object of all government, which is to afford security to the preservation of the life, liberty, and property of the citizen. The court of County Commissioners, or, as they were designated prior to the Code of 1852, "the Commissioners of Revenue and Roads," are officers of the county, and their chief function is to control the property and finances of the county, and to exercise a general superintendence over the public roads in the county.—Code, 1876, §§ 756, 1619. The only duty of a purely charitable nature, which is devolved on them, is that of making rules and regulations for the support of the poor. This is a part of their police power, and is specially delegated by statute.—Code, 1876, § 746, sub-div. 5. Counties, therefore, can accept no trusts, even of a charitable nature, in which they have no interest, unless it has some connection with the maintenance or benefit of the poor, either in relieving their physical wants and suffering, or in promoting their moral, religious, or secular education, or other-wise extending to them the hand of charity. If the trust is foreign to these purposes, and in no wise germane to the ob-jects for which such public corporations are known to be insti-tuted, but is designed merely for the private benefit of a par-ticular person, or class of persons, who are not indigent and in natural life, neither the county, nor the court of County Com-missioners, has the power in law to hold or execute it. As to them, it is a matter entirely *ultra vires*.—Angell & Ames on Corp. (3d Ed.), §§ 43–44; 2 Dill. Munic. Corp., §§ 567, 573; *Clark v. Foot,* 8 Johns. 329; *Vidal v. Girard's Ex'rs,* 2 How. (U. S.) 127, 189; *Jones v. Habersham,* 107 U. S. 174.

The trust here imposed is the management of a fund purely for a private benefit—the lending of money at interest, col-lecting such interest from year to year, and appropriating it for the repair and preservation of private burial-grounds. It needs no argument to show that this is entirely beyond the scope of the duties imposed upon these commissioners as public officers. Neither the county in its corporate capacity, nor any succeeding body of commissioners, can be held responsible for any waste or mal-administration of this fund by the complain-ants. It is against the policy of the law to allow them to burden the county, or their successors in office, with such a duty. They are paid for their official services a *per-diem* al-lowance out of the county treasury. It is proper that their time and deliberations should, during the sessions of the court, be devoted to the business of the public, and not to that of

[Johnson v. Holifield.]

private persons, however worthy its nature. If one such burden is assumed, so in like manner another may be. The result might finally be, that, in the course of a few generations, the chief time of these county officials would be monopolized in discharging duties which might more appropriately be devolved upon the sexton of a churchyard, or of a city cemetery.

The chancellor erred in granting the relief prayed in the bill. His decree is reversed, and a decree will be rendered in this court, dismissing the bill at the costs of the appellees, in this court and the court below.

