LYDIA M. HOLLEY *vs.* JOTHAM D. B. YOUNG, appellant.

Franklin. Decided May 31, 1878.

*Evidence. Admission. Practice. Judicial discretion.*

An admission made at the first trial, if reduced to writing, or incorporated into a record of the case, will be binding at another trial of the case, unless the presiding justice, in the exercise of his discretion, thinks proper to relieve the party from it.

ON EXCEPTIONS.

FORCIBLE ENTRY AND DETAINER. The case, on a former bill of exceptions, is stated in 65 Maine, 520. At the March term, 1877, the verdict was for the defendant; and the plaintiff alleged exceptions to the exclusion of evidence offered, as in the opinion appears.

*H. L. Whitcomb*, for the plaintiff.

*S. C. Belcher*, for the defendant.

WALTON, J. At the first trial of this action, it was admitted

that "the defendant paid his rent, specified in the lease, as it became due." This admission was made in the report of the case then made up for the law court. At the last trial, the plaintiff offered to prove that the rent was not promptly paid when due. The evidence was excluded, upon the ground, it is said, that the admission was obligatory upon the plaintiff for the purposes of the last trial, as well as the first. Assuming such to be the ground of the exclusion, (and no other is suggested) we think the exceptions must be overruled. It would be wiser to adopt some rule by which more admissions could be obtained, than to allow parties, at their own will and pleasure, to withdraw the few now made.

Such was the opinion of Lord Denman. In his report to the commission appointed to inquire into proceedings in actions at law, he says, and says truly, that much time is shamefully wasted in proving facts that ought to be admitted ; that there ought always to be a preliminary hearing to settle the issues; and that each party ought to be required to admit every fact not really controverted; and that the suppression of any known material fact should not only be deemed disreputable, but punished with costs ; that such a course would save much precious time, now "shamefully wasted." 5 *Lives of the Chief Justices*, 201.

In *Wetherell* v. *Bird*, 7 Car. & P. 6, where an admission had been made at the first trial, which, at the second trial, counsel sought to have excluded upon the same ground taken here, namely, that it was made with a view to the former trial only ; the court held that, inasmuch as there was nothing in the admission limiting it to the first trial, it was clearly admissible at the second.

Such is the rule laid down by Professor Greenleaf. He says the admissions of attorneys of record may be given in evidence, "even upon a new trial." 1 Greenl. Ev. § 186. And further on, he says that, if such admissions are made improvidently or by mistake, the court will, in its discretion, relieve the party. § 206.

With such a discretionary power lodged in the court, we think no evil results will follow if we adopt the rule that an admission made at the first trial, if reduced to writing, or incorporated into

a record of the case, will be binding at another trial of the case, unless the presiding judge, in the exercise of his discretion, thinks proper to relieve the party from it.

*Exceptions overruled.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.