HARRIET WOODCOCK *vs.* CITY OF CALAIS.

Washington.    Decided June 6, 1878.

*Exceptions.    Evidence,—burden of proof.    Admissions.    Damages.*

Where, in a trial, objection is made to the exclusion of a record as evidence, and the bill of exceptions does not show what the record is, the objection will be treated by the law court as waived.

Where, in a trial of the general issue in an action of trespass, the plaintiff has made out a *prima facie* case, the "burden of proof" still remains upon him in that issue, although the defendant will fail unless he introduce sufficient evidence to overcome the plaintiff's *prima facie* case, and, in that sense, it is not error to say there is a burden also upon the defendant.

*Semble.*    An admission made and of record in one trial of a case is binding in a subsequent trial.    See *Holley* v. *Young, ante,* 215.

Where the street commissioner, under the direction of the city to remove the plaintiff's fence, erroneously *supposed to be within* the street limits, removed a stone wall with a wooden fence upon it and a filling of earth behind it, *Held,* that damage was recoverable of the city for the removal of the stones and earth, as well as of the wooden fence.

ON EXCEPTIONS AND MOTION by the defendants, to set aside a verdict for the plaintiff of $150.

TRESPASS by the defendants, for removing the plaintiff's bank wall, fence and earth.    The case is stated in 66 Maine, 234.

At the trial the defendants offered certain records of the town of Calais in the year 1822, in regard to a location of a highway, which was excluded on the plaintiff's motion, but the exceptions do not show what the records were.

The presiding justice instructed the jury thus: " Upon a careful examination of the records introduced, and the law as it existed in 1822, at the time the acts were done, I am satisfied that the records do not show a compliance with the requirements of law; and no person's land is to be taken for public use without such compliance.    Having become satisfied that the law was not complied with by that record, I deem it my duty to exclude it, and I instruct you to exclude it entirely from the consideration of this case."

Also, "If you are satisfied that the plaintiff was in possession

of the premises upon which the acts were done at the time, by having them inclosed by her fence as a part of her lot, and Mr. Smith, acting for the city, entered upon the premises in her possession, I instruct you that the burden is upon the defendants to show that they had a justification to enter in that manner and do the acts complained of."

Also, " In this action the measure of damages is what damage she suffered by reason of the acts complained of up to the time of the commencement of the action, September 4, 1875 ; and it is said that the entry by the defendants was in the last of June of the same year. For any damage she has sustained since that time by reason of having the erection continue there by the city, she may have the right of another action, if they were unlawfully placed there. Now, if the injury was unlawful, one of the elements of damage is the taking of the earth and the stone and carrying them away. What damage did the plaintiff sustain by reason of that ? Another element of damage is the loss of the use of that portion of her premises from the time the acts were done to the date of the writ. And these are the material elements of damages to be considered in this suit."

The verdict was for the plaintiff; and the defendants filed a motion to set it aside, and also alleged exceptions.

*G. A. Curran*, city solicitor, with *J. Granger*, for the defendants.

*E. B. Harvey*, with *A. McNichol*, for the plaintiff.

VIRGIN, J. This action was before this court last year on report, which stipulated that, " if the city is liable for the trespass,"—the removal of the fence, etc.,—" the action to stand for trial." The court then determined that the commissioner who removed the plaintiff's fence was acting as the agent of the city, by its directions, and that the rule of *respondeat superior* was applicable. *Woodcock* v. *Calais*, 66 Maine, 234.

The case went back to trial, the jury returned a verdict for the plaintiff, assessing the damages at $150 ; and now the defendants bring the case before us on motion and exceptions.

I. The defendants contend that the exclusion of the record of

an attempted location was erroneous. Whether it was admissible or not we have no means of knowing, for the case contains no copy thereof. We conclude, therefore, that the defendants do not rely upon that point.

II. The instruction was not, as contended by the defendants, that the burden of proof was upon the defendants to justify the acts of the commissioner; but a fair construction of the instruction is that the plaintiff, having made out a *prima facie* case by possession, that evidence, if not rebutted by the defendants, would be sufficient to maintain the plaintiff's case; and not that the burden of proof changed. . *Small* v. *Clewley*, 62 Maine, 155.

We think the instruction complained of, relating to damages, whereby the jury were allowed to consider the taking and carrying away the stone and earth an element, was correct. As already seen, the commissioner was the agent of the city, acting under its express directions, and for acts done by him in the course of his employment and within the scope of his authority, the city is liable. *P. & R. R. R. Co.* v. *Derby*, 14 How. 468, 486.

The case shows that the plaintiff built her fence by first erecting a wall of split stone, some two and one-half feet high on the side next to the street but filled with earth on the side next to the lot, and upon the ,wall placed a light wooden fence. The wall thus constituted a part of the fence within a fair construction of the special order under which the commissioner was acting ; and his removing the wall, earth and wooden fence, was done in the course of his employment and the city must respond.

Motion : It is urged that the verdict is against evidence because it is alleged that Smith was not sworn. The answer is that the defendants admitted, in the reported case of last year, that he was " duly elected and qualified." *Woodcock* v. *Calais, supra.* *Holley* v. *Young, ante,* 215. Again he testified he was sworn, which testimony was legitimate in the absence of any record evidence. But whether sworn or not is immaterial in this case ; for if not sworn he was the commissioner *de facto,* and that is sufficient.

The testimony is conflicting in relation to the line of the street. The jury saw and heard the witnesses and viewed the locus. From what they saw and heard they rendered a verdict for the

plaintiff, which is founded on evidence and the law applicable thereto. The facilities of the jury for ascertaining the truth were superior to ours and we cannot say that the verdict is wrong.

*Motion and exceptions overruled.*

APPLETON, C. J., DANFORTH, PETERS and LIBBEY, JJ., concurred.