## THE CENTRAL BRANCH UNION PACIFIC RAILROAD COMPANY v. JOHN SHOUP, et al.

1. STARE DECISIS; *No Review.* Where a case is brought a second time on error to this court, the first decision will be deemed the settled law of the case, and will not be made the subject of reëxamination. (*Headley v. Challiss*, 15 Kas. 602.)

2. RULE, *How Applied.* While this rule may not be a cast-iron rule, incapable of relaxation under any circumstances, yet it must be adhered to where the question is one of great doubt, has been thoroughly considered, and is one whose decision involves no serious injury to general rights.

3. ORAL ADMISSION OF ATTORNEY, *Effect and Proof of.* An oral admission of a fact by an attorney during the trial of a cause binds his client, and such admission may be proved on a subsequent trial of the case; if from the language used at the time or the surrounding circumstances it appears that such admission was intended as a mere waiver of proof for the purposes of that trial only, that will be the whole scope of its force; but if it appears to have been intended as a general admission of the fact, it will be as binding as though made upon such subsequent trial; and where it is uncertain what was the scope and intent of the admission, the matter must be left to the jury for its determination.

4. LETTER; *Secondary Evidence.* Where a witness testifies that he received a letter; that the last place he saw it was in a chest in his own house, in which he kept his private papers; that he had searched for it several times, the last time just before he started for the trial; that he had been unable to find it; that he had not got it, and that so far as he knew it had been lost, a sufficient foundation is laid for secondary proof of its contents.

*Error from Jackson District Court.*

ACTION brought by the *Railroad Company* against *Shoup* and two others, to recover the possession of certain land in Jackson county. The facts appear in *Shoup v. C. B. U. P. Rld. Co.*, 24 Kas. 547, *et seq.*, and in the opinion, *infra.* Trial at the November Term, 1881, of the district court, and judgment for defendants. The plaintiff brings the case here.

*Everest & Waggener,* for plaintiff in error.

*John C. Douglass,* and *Hayden & Hayden,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: This was an action of ejectment, brought by plaintiff in error to recover possession of certain real property situated in Jackson county. The case was first tried in April, 1879, and a judgment then rendered for plaintiff, which was reversed by this court upon proceedings in error. (24 Kas. 547.) The case was again tried, in November, 1881, and judgment rendered in favor of the defendants; to reverse which, plaintiff brings the proceedings a second time to this court.

Nearly all the questions in the case were considered and determined when it was here before. · The decision of those questions has become the established law of the case. (*Headley v. Challiss*, 15 Kas. 602.) Nevertheless, counsel for plaintiff in error seriously challenge the decision then made, and earnestly contend that this court erred and should reëxamine the questions; and they refer to the opinion in *Long v. Wolf*, 25 Kas. 522, in which we stated that we had gone to the extreme verge in this case in upholding defective notices of redemption, and that the case deserved to be limited rather than extended. We do not understand that the rule that a decision once made becomes the established law of the case is a cast-iron rule, and incapable of relaxation in any event. Cases may arise in which it will be very clear that the first decision was erroneous, that not only in the case at bar will wrong result from adhering to the decision, but also other interests through the state will be imperiled; hence we do not doubt the power of the court to reconsider and reverse · a prior decision in the same case. Still, in all ordinary cases the rule is as above stated. After a decision has once been announced by this court, the further steps in continuation of the controversy are based upon and regulated by that decision, and unless it is plain that a serious error has been committed, such decision should be adhered to. Now it is not clear to us that the prior decision was wrong. On the contrary, the question still seems one of great doubt. Much can be ·

said on either side, but after all the arguments *pro* and *con* have been considered, we can only say that we hesitated at the time the prior decision was made; we hesitate still, and that very doubt compels us to adhere to that decision. Outside of these principal questions, there are simply one or two matters in the admission of testimony which deserve consideration.

And first, the court permitted the defendant, over the objections of the plaintiff, to prove certain admissions made by plaintiff's attorney on the former trial. The question in the case was as to the validity of a tax deed under which the defendant claimed. John Shoup, the principal defendant, at one time had possession of the land under contracts of purchase from the plaintiff. These contracts stipulated that Shoup should pay the taxes. He failed to pay them, and upon his failure a tax deed issued to one Flint, and thereafter Flint conveyed to Shoup. Before this conveyance of the tax title to Shoup, he had surrendered to the plaintiff these contracts of purchase, and a vital question was as to the terms of the agreement under which these contracts were surrendered and canceled. It was claimed that the plaintiff's attorney admitted on the former trial that upon the surrender of these contracts of purchase, each party was released from all obligations and stipulations contained therein. Proof of this admission was offered and received, and in respect thereto the court instructed as follows:

"It is claimed by the defendants that upon that trial, Mr. Martin, as such attorney, admitted the surrender and cancellation of the contracts referred to. The plaintiff was bound by the admission, if it pertained to the case; if it was a general admission of the facts referred to, and without limitation, the plaintiff would be bound thereby in every subsequent stage of the case. But if it was an admission for the purposes of that trial only, and so understood by the parties at the time, it would not be binding upon the plaintiff now."

In this did the court err? It is not disputed but that an admission contained in a pleading may be taken advantage of by the opposite party at any time in the trial of a case,

and this notwithstanding by amendment the admission is dropped from the pleadings upon which the case is in fact tried. But it is contended that a mere oral waiver of testimony made pending a trial is to be considered as made only for the purposes of that trial, and is nothing which binds the party in any future trial; and that this so-called admission of Mr. Martin's was but in effect a waiver of proof, and for the purposes of that trial only; and in support of this the case of *Weisbrod v. The Rld. Co.*, 20 Wis. 421, is cited. We think the ruling of the district court is correct. An attorney is for the purposes of the trial the agent of his client, and whatever he does and says in its progress is *prima facie* the act and word of the client. If the plaintiff in this case had been a living person, and upon the trial had stated exactly what his attorney did state, no one would question but that proof of such statement might be given in any subsequent trial. It is doubtless often true that during the progress of a trial, and to hasten it, counsel waive the production by the opposite party of formal proof of some fact, intending to rest their case on some other matter; and this, which is done for the mere purpose of that trial alone, and for the sake of facilitating it, is not to be considered as a formal admission of the fact, binding in all subsequent progress of the case. But whether the consent or admission or waiver is to be considered as made for the purposes of that trial only, or as a general admission, is ordinarily a question of fact to be determined by the jury, and so in this case the court placed it. It is true that sometimes the waiver or admission may be so obviously intended for that trial alone that the court may properly so instruct the jury, and it may also be so obviously intended as a general admission that the court may instruct the jury to treat it as such: as for instance, where the parties sign an agreed statement of facts. But perhaps more often, especially in reference to oral admissions, it is uncertain whether they were intended as general admissions, like admissions in a pleading, by which the party intends to stand at all times, or as a mere waiver of proof, for the purposes of facilitating

the pending trial. Then the tribunal to determine what was the import and intent of the admission is the jury before which the case is then pending for hearing. It may not always be easy to determine as to any particular admission upon which side of the line it belongs, yet the difficulty is not in the rule itself, but in its application to the particular case. In 1 Greenl. on Ev., § 186, the author thus states the rule:

"The admissions of attorneys of record bind their clients in all matters relating to the progress and trial of the cause. But to this end they must be distinct and formal, or such as are termed solemn admissions, made for the express purpose of alleviating the stringency of some rule of practice, or of dispensing with the formal proof of some fact at the trial. In such cases they are in general conclusive, and may be given in evidence, even upon a new trial."

In Gresley on Evidence, 458, the author says:

"For the purposes of the suit an admission made by counsel is conclusive; and in the subsequent proceedings, or on rehearing, if the court is satisfied that they were really made, they cannot be retracted. The party's remedy is against his counsel."

So, in *Holley v. Young*, 68 Me. 215, it was held that "an admission made at the first trial, if reduced to writing or incorporated into the record of the case, will be binding at another trial of the case, unless the presiding justice, in the exercise of his discretion, thinks proper to relieve the party from it." See also *Doe v. Burt*, 7 C. & P. 6; *Langley v. Lord Oxford*, 1 M. & W. 508; *Woodcock v. Calais*, 68 Me. 244; *Perry v. Manufacturing Co.*, 40 Conn. 313.

It may also be noticed that in the record of the case as it came to us before, the admission appears as a general one, and is thus stated:

"That at the time of the surrender of each of said contracts, numbered 555 and 531 respectively, and mentioned in the third finding or conclusion of fact of the court herein, it was mutually agreed and understood by and between said plaintiff [defendant in error] and the said John Shoup, that he should relinquish all his claims in and to each of said tracts [of land] under and by virtue of the said contracts re-

spectively, and all his improvements on the said premises; and in consideration thereof, the said plaintiff, at the time of such surrender of said contracts, released all its claims against the said John Shoup, under and by virtue of the covenants on the part of said John Shoup in said contracts and each of them contained."

We conclude, therefore, that there was no error in the rulings of the district court in this respect.

The only other matter in respect to the testimony which we shall consider, is as to the ruling of the court permitting the witness John Shoup to state the contents of a letter claimed to have been written him, concerning the subject-matter of the action. It is said that no sufficient evidence was given of the loss of the letter; and *Johnson v. Matthews,* 5 Kas. 118, is cited as authority. We think that case is not in point, and that sufficient evidence was in fact given of the loss of the letter to justify evidence as to its contents. In the case from 5 Kas., *supra,* the only evidence was the statement of the witness "that the order is now so mislaid that I cannot find it." Here the witness testified where he last saw the letter, and that was in a chest in his own home where he kept his private papers, and that he had searched for it more than once, the last time just before he started for the trial, and that he had not been able to find it; that he had not got the letter, and so far as he knew it was lost. We may also add that in view of the other testimony the error in the admission of the contents of this letter, if error it was, was not one of very great importance.

We see no other matter that we think deserves special mention. The only serious question in the case is, as to the sufficiency of the notice of the expiration of the time of redemption — a question which was decided adversely to the plaintiff when the case was here before; and which decision, for reasons heretofore given, must, although the question be doubtful, be adhered to.

The judgment of the district court will therefore be affirmed.

All the Justices concurring.