# Prestwood v. Watson.

## Statutory Action of Ejectment.

1. *Agreed statement of facts; admissible in subsequent trial and conclusive, when not limited to particular trial.*—Where the trial of a cause is had upon a written agreed statement of facts, which is not limited by its terms to the particular trial, such statement is conclusive of the facts therein contained and is admissible in evidence on a subsequent trial of the same cause.

2. *Same; when not necessary to be signed by parties or their attorneys.* It is not necessary for its validity that an agreed statement of facts, made in the presence of the court and admitted in open court to be true, should be signed by the parties or their attorneys; Rule of Practice 14 (Code, p. 808) having no application to such agreements.

3. *Same; secondary evidence admissible of its contents when lost.*—When an agreed statement of facts, not limited by its terms and upon which the trial of a cause is had, has been lost, secondary evidence of its contents is admissible on a subsequent trial of said cause.

4. *Rights of purchaser of school lands; can maintain ejectment; statute of limitation.*—Where the school lands of a township are sold under the concurrent legislation of Congress and the State, the the purchaser obtains under the certificate of purchase only the right of possession until the payment of the purchase money and the issue of a patent by the State, but under this inchoate title he may maintain

ejectment against all who wrongfully enter and withold possession; and as the legal title remains in the State until the purchase money is paid and the patent is issued, there can be no investiture of title to such lands by adverse possession for a period of less than twenty years, which is necessary under the statute (Code, § 2613) to bar a recovery by the State.

5. *Damages in ejectment; waste for cutting timber not recoverable.*— In a statutory real action in the nature of ejectment, the statute (Code, § 2716) limits the damages recoverable to compensation for use and occupation, and there can be no recovery for waste by the destruction of timber growing on the lands sued for.

APPEAL from the Circuit Court of Covington.

Tried before the Hon. JESSE M. CARMICHAEL.

This was a statutory action of ejectment, brought by E. Watson, as administrator of the estate of R. E. Jordan, deceased, against J. E. Prestwood and A. J. Fletcher; to recover certain lands specifically described in the complaint. The facts of the case on this appeal are substantially the same as those disclosed on the former appeal, and reported in 79 Ala. 416.

On the trial of the cause it was admitted and agreed by and between the attorneys for the plaintiff and the defendant that this case was tried in the same court at a former term of the court upon an agreed written statement of facts, that said written agreed statement of facts upon which the case was formerly tried and the bill of exceptions upon which the case was appealed were lost or mislaid, and that said agreed statement of facts is correctly copied and set out in Vol. 79 of the reports of the Alabama Supreme Court decisions on pages 417 of said report; but the defendants objected to the introduction of said former agreed statement of facts as evidence upon this trial.

The plaintiff offered to introduce in evidence a copy of the agreed statement of facts used on the former trial, which was taken from the report of the case as found in 79 Alabama 417.

It was shown by the testimony of John Gamble that the foregoing agreement was not signed by the parties or their attorneys, and was made only for that trial, and that several years ago, four or five years, the counsel of defendant notified plaintiff and his counsel that defendants would not abide said agreement in any subsequent trial. The defendants objected to the introduc-

[Prestwood v. Watson.]

tion of said statement of facts upon the following grounds: 1st. Said agreed statement of facts was never signed by the parties or by their attorneys. 2. Said agreed statement of facts was not shown to be made in open court, or indorsed or entered on the minutes or record of the court. 3d. Said agreed statement of facts was not admissible, nor could the same be alleged or suggested by the plaintiff against the defendants in this cause, because the same was not signed by the party to be bound thereby. The court overruled each of the foregoing grounds of objections, allowed said agreed statement of facts to be introduced as evidence, and to this ruling the defendant duly excepted.

The court gave the general affirmative charge for the plaintiff, to the giving of which charge the defendant duly excepted. In the court's oral charge, he instructed the jury as follows : "The court charges the jury that in the opinion of the court the plaintiff is entitled to recover ; that any logs or timber cut from the lands since the commencement of this suit are proper subjects of damages, whether cut by defendants or not." To the giving of this portion of the court's general charge the defendant duly excepted.

The court also instructed the jury in its oral charge as follows: "The plaintiff is entitled to recover the value of all logs or timber cut from the lands sued for, since the commencement of this suit, whether cut by the defendants or not." To the giving of this portion of the court's oral charge the defendant duly excepted. The other rulings of the court which are reviewed on the present appeal, are sufficiently shown in the opinion.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

JOHN GAMBLE and M. E. MILLIGAN, for appellant.— The plaintiff was not entitled to recover damages for waste in the cutting of timber from the lands involved in the suit.—1 Brick. Dig. 634, §§ 147–152 ; *Morris v. Beebe*, 54 Ala. 300. The agreed statement of facts on which the former trial of the cause was had is not admissible on a subsequent trial, nor was it conclusive

upon the parties.—*Wright v. Evans*, 53 Ala. 103; *Collier v. Falk*, 66 Ala. 223; *Norman v. Burns*, 67 Ala. 248.

J. D. GARDNER and P. N. HICKMAN, *contra.*

BRICKELL, C. J.—A former trial of this case was had in the court below, on a statement of facts reduced to writing, and by the parties admitted to be true in open court. The judgment rendered on that trial was, on appeal to this court, reversed and the cause remanded. *Watson v. Prestwood*, 79 Ala. 419. The primary question to be considered is, whether on a subsequent trial, this statement of facts was admissible, and its operation and effect as evidence. For if it was admissible, and binding and conclusive on the parties, a consideration of many of the exceptions reserved is unnecessary. Agreements of this character, intelligently and deliberately made, whether made by the parties in person, or by their attorneys or solicitors of record, are encouraged and favored. Their purpose, generally, is to save costs and to expedite trials by relieving from rules of practice which in the particular case are deemed mere hindrances, or the dispensation with mere formal proof; or, as in the present case, the admission of uncontroverted facts, of the existence of which the parties are fully cognizant. Such agreements are sometimes made to avoid continuances, or for some specific purpose, and by their terms are limited to the particular occasion or purpose, and of course lose all force when the occasion has passed, or the purpose has been accomplished. But if by their terms they are not limited, and are unqualified admissions of facts, the limitation is not implied, and they are receivable on any subsequent trial between the parties. *Wetherell v. Boyd*, 7 Carr. & Payne 6; *Langley v. Oxford,* 1 Mess. & Welsby 507; *Holley v. Young*, 68 Me. 215; *Central B. U. P. R. Co. v. Shoup*, 28 Kansas 394. Speaking of admissions of this character made by counsel of record, Mr. Greenleaf terms them solemn admissions, and says "they are in general conclusive, and may be given in evidence on a new trial."—1 Greenl. Ev., § 186. That the agreement was not signed by the parties, or by the counsel, was not of importance—their signatures were not necessary to impart to it validity. Private agree-

[Prestwood v. Watson.]

ments between parties or their attorneys, relating to the proceedings in a pending cause—agreements not made in the presence of the court, the rules of practice require shall be in writing and signed by the party to be bound thereby.—Code, p. 808, rule 14. The rule has never been supposed to have any application to agreements or admissions made in the presence of the court—upon such agreements or admissions made verbally, every court is necessitated to act daily; the refusal to recognize and act upon them, would delay the transaction of business, and entail upon counsel and parties much unnecessary labor. The purpose of the rule is to relieve such admissions or agreements from the infirmative considerations attaching to mere oral admissions of facts, imputed to the one party or the other, and to avoid the unseemly wrangles, disputes and contradictions which would ensue, if they rested only in memory. Where the agreement or admission is made in the presence of the court, it is without the purpose or reason, if not without the letter, of the rule. And when made in open court and reduced to writing, intended to be used, and used as an instrument of evidence, and is without limitation as to time or occasion, it cannot be withdrawn or retracted at the mere will of either party. The presence of witnesses to prove the facts stated is waived. If the witnesses had been produced and testified, and they died, or became insane, or removed without the jurisdiction of the court, on a subsequent trial, evidence of their testimony would be admissible. The admission of the facts dispensing with evidence, if it could be disregarded by either party on any subsequent trial, in the event of inability to produce witnesses to establish them, would often convert such admissions into instruments of fraud and injury. When they are made deliberately and intelligently, in the presence of the court and reduced to writing, they are of the best species of evidence, and parties cannot be permitted to retract them, as they are not permitted at pleasure to retract admissions of fact, made in any form. If they are made improvidently and by mistake, and the improvidence and mistake be clearly shown, the court has a discretion to relieve from their consequences; a discretion which should be exercised sparingly and cautiously.—1 Greenl. Ev., § 206 ; *Harvey v. Thorpe*, 28 Ala. 250. There was no application by

[Prestwood v. Watson.]

either party for relief from the agreement, and neither party should have been bound to give evidence in controversy of the facts therein stated. The loss of the writing, rendered admissible secondary evidence of its contents. The best evidence would have been a certified copy of the transcript in this court on the former trial. Unless by consent, the statement found in the published report of the case, was not admissible.

On the former appeal, it was decided that the facts admitted made a *prima facie* case entitling the plaintiff to a recovery. The correctness of this conclusion is not now assailed in argument; but it seems to be supposed that the evidence of the possession of Whitehead, and of the defendant Prestwood to whom he subsequently conveyed, continuing for more than ten years, in open hostility to the title of the intestate of the plaintiff was a bar to the action. The intestate, as was decided on the former appeal, had a legal title, coupled with condition of defeasance or reversion on the subsequent happening of one of the enumerated events, on which the statute declares the lands shall revert. The land is a sixteenth section granted for school purposes by Congress to the State for the use of the inhabitants of the township. Under the concurrent legislation of Congress and of the State, these sections in the different townships have been sold. The legal title is in the State, and until the final payment of the purchase-money and the issue of a patent by the State, that title is not divested, though the purchaser acquires an inchoate title, the right of possession, and can maintain ejectment against all who wrongfuly enter and withhold it. The legal title remaining in the State, under the general principles of the common law there could not be adverse possession of the lands, as there could not be an adverse possession against the government.—*Iverson v. Dubose*, 27 Ala. 418. The statute now modifies this doctrine, and actions at the suit of the State against a citizen thereof, for the recovery of real or personal property, and actions by or for the use of any township, for the recovery of sixteenth sections or other school lands belonging to the township, are limited to twenty years.—Code, § 2613. There was not a hostile possession for that period, prior to the commencement of this suit, claimed in the court below, and if it had

39

been claimed, it would not have found support in the evidence.

The question of the more importance to the parties is, whether in the statutory real action, damages for waste, for the destruction of timber growing on the lands, are recoverable. The statute by its own terms limits the damages to what are known as *mesne* profits ; compensation for use and occupation. The words are : "Damages in actions for the possession, or for the use and occupation of land, must be computed to the time of the verdict."—Code, § 2716. And such has been the construction of the statute.—*Turnipseed v. Fitzpatrick*, 75 Ala. 297 ; *Morris v. Beebe*, 54 Ala. 309. By the common law, damages or only nominal damages were rocoverable in an action of ejectment ; and the rule has been modified only so far as to authorize a recovery of *mesne* profits. The several instructions given the jury in reference to the recovery of damages for the destruction and removal of timber were erroneous; compensation for use and occupation is the full measure of recovery to which the plaintiff was entitled.

Reversed and remanded.