# April Term, 1906.

[No. 5093.]
[No. 2665 C. A.]

## MOYNAHAN V. PERKINS.

1. **Appellate Practice — Objections to Evidence — Sufficiency of Objections.**

An objection to evidence which specifies no grounds, nor suggests to the court any reasons why it is inadmissible, will be disregarded on appeal.—P. 482.

2. **Witnesses—Refreshing Memory from Books of Account.**

Where a sufficient foundation has been laid for the admission of books of account, it is not error to allow a witness to refer to them to refresh his memory, or to read the entries therein to the jury.—P. 482.

3. **Evidence—Admissions of Counsel in Former Trial—Use of at Subsequent Trial.**

Where, on a former trial of an action for services, defendant's counsel admitted that, if the services were performed without a specific contract, the charges made therefor were reasonable, if such admission was a general one and without limitation, the defendant is bound thereby in a subsequent trial; while if the admission was for the purpose of that trial only, and was so understood at the time by the parties, it is not binding upon the defendant at a subsequent trial.—P. 485.

4. **Appellate Practice—Cumulative Evidence—Harmless Error.**

Where, in an action for services, plaintiff, without any objection being made to his qualification, testifies to the value of his services, and defendant offers no evidence in reference thereto, the admission of evidence that defendant's attorney at a former trial admitted that such charges for services were reasonable, even if improperly admitted, is not grounds for reversal, as the latter is merely cumulative.—P. 486.

*Appeal from the District Court of Teller County.*
*Hon. John T. Shumate, Judge.*

Action by Charles F. Perkins against T. D. Moynahan. From a judgment for plaintiff, defendant appeals. *Affirmed.*

Mr. M. P. Carpenter, for appellant.

Mr. W. O. Temple and Mr. S. D. Crump, for appellee.

Mr. Justice Goddard delivered the opinion of the court:

This is an appeal from a judgment obtained by appellee, plaintiff below, against appellant, defendant below, for services as attorney at law. Several errors are assigned, but the only ones argued by appellant are, first, allowing plaintiff, in testifying to the items and charges sued for, to refer to, and read from, his books of account; second, allowing proof of an admission made by the then attorney for defendant upon a former trial of this cause.

1. The plaintiff, who was a witness on his own behalf, sufficiently laid the foundation for the admission of his books of account in evidence, but his counsel, electing not to offer them in evidence, examined him in regard to the items they contained and, over a general objection, the witness was permitted to refer to the books to refresh his memory, and read the entries therein. This objection might be disregarded because it specified no grounds, or in any manner suggested to the court any reasons, why the testimony was inadmissible.—*Ward v. Wilms,* 16 Colo. 86; *Hindry v. McPhee,* 11 Colo. App. 398.

The only reason advanced here in support of this objection is that the witness recollected the greater part of the transactions, independent of the books, and there was no necessity to refer to them. As we have stated, the foundation was sufficiently laid for the introduction of the books themselves, and we are unable to perceive any material difference between admitting them directly in evidence, and allowing the witness to refer to them to refresh his memory, or to read the entries therein to the jury.

That "the original entries, if shown to have been correctly made, might have been read in evidence" is decided in *Bonnett v. Gladfeldt,* 120 Ill. 166, cited by appellant.

2.   H. C. Hollister, who took, in shorthand, the testimony upon the former trial, Mr. Perkins and Mr. Crump testified that, at the inception of the former trial, Mr. Perkins, while testifying, was asked the question: "State whether or not the charges for services rendered, as shown on your books of account, are just and correct?" To which Mr. Perkins answered: "They are." That Mr. Vanatta, who was the attorney of record for the defendant and conducted the defense at that trial, admitted "that if the services were performed, and there was no special contract, and the different items in the bill of particulars furnished are correct, then the charges made for such services are fair and reasonable." This admission was made with reference to the bill of particulars, or statement of account, containing the items sued for.   Defendant objected to the admission of this statement upon the grounds, to wit: "(1) That other services were proved in this trial in addition to these covered by the admission on the former trial, and (2) that Vanatta, who made the admission, is not now attorney of record in this case." The objection was overruled, with instructions to eliminate all new matters concerning services rendered, and charges made therefor, that were not brought into the former trial.

Upon the right to prove admissions made by counsel upon a former trial, Mr. Jones, in his work on Evidence, section 261, says:

"Where an absolute and unqualified admission is made in a pending cause, whether by written stipulation of the attorney or as matter of proof on the hearing, it may be used on a subsequent trial and

cannot be retracted, unless by leave of the court on a proper showing of mistake, imposition or surprise. But mere informal admissions, made by counsel on one trial, are not admissible on a second trial.''.

In 1 Greenleaf on Evidence, section 186, the author thus states the rule: ''The admissions of attorneys of record bind their clients in all matters relating to the progress and trial of the cause. But to this end they must be distinct and formal, or such as are termed solemn admissions, made for the express purpose of alleviating the stringency of some rule of practice, or of dispensing with the formal proof of some fact at the trial.'' In *Holley v. Young,* 68 Me. 215, it was held that ''an admission made at the first trial, if reduced to writing or incorporated into a record of the case, will be binding at another trial of the case, unless the presiding justice, in the exercise of his discretion, thinks proper to relieve the party from it.''

In *Railway Co. v. Shoup,* 28 Kan. 394, it is said in the syllabus:

''An oral admission of a fact by an attorney during the trial of a cause binds his client, and such admission may be proved on a subsequent trial of the case; if from the language used at the time or the surrounding circumstances it appears that such admission was intended as a mere waiver of proof for the purposes of that trial only, that will be the whole scope of its force; but if it appears to have been intended as a general admission of the fact, it will be as binding as though made upon such subsequent trial; and where it is uncertain what was the scope and intent of the admission, the matter must be left to the jury for its determination.''

The court below, in respect to this admission, instructed the jury as follows:

"It is claimed by the plaintiff in this case that upon a former trial Vanatta, as attorney for the defendant, * * * admitted that if the services were performed and there was no special contract, and if the different items in the bill of particulars are correct, then the charges made for such services are fair and reasonable. You are further advised that if this was a general admission of the facts referred to, and without limitation, the defendant became bound thereby in this trial; and if you find from the testimony that such admission was so made, and without qualification, then, as to all items of service contained in the paper called the bill of particulars, the question of the value of such services is settled in accordance with the charges therein made, * * * provided that such services were actually performed and if such items were otherwise correct.

"But, if it was an admission for the purpose of that trial only, and was so understood at the time by the parties, it would not be binding upon the defendant now. And you are further instructed that, if you believe from the evidence at the former trial it was understood or agreed between plaintiff and the defendant, by their counsel or otherwise, that the paper called a bill of particulars, and marked Exhibit J, was to be considered as a bill of particulars proper—that is to say, that it stated all the items of account against defendant by plaintiff, and being the only items sued on—then all the items testified to by plaintiff as having been discovered subsequent to the former trial of this cause are not to be considered or allowed if you find the other issues hereinbefore spoken of in favor of the plaintiff."

We think the rule announced by the district court in these instructions is correct, and that it properly left to the jury the question as to what weight, if any, was to be given to the admission in view of

the circumstances under which it was made. But however this may be, its admission in any event would not have constituted prejudicial error, since the plaintiff testified to the value of his services without any objection to his qualification, and the defendant offered no evidence in reference thereto, and the admission was merely cumulative testimony as to the value of plaintiff's services, established by undisputed testimony, and, if improperly admitted, would not be grounds for a reversal.

We think the rulings of the court presented were correct, and the judgment will be affirmed.

*Affirmed.*

Chief Justice Gabbert and Mr. Justice Campbell concur.