JONATHAN CURRIE

*vs.*

EDWARD L. CLEVELAND AND LELAND O. LUDWIG.

Aroostook.    Opinion March 7, 1911.

*Evidence.    Admissions at Former Trial.    Withdrawal of same at Subsequent Trial.*

Admissions made for the purposes of one trial are not conclusive upon the party making them in another trial, when such party, before the beginning of the trial, has given notice of his intention to withdraw the admissions and demand proof of the formerly admitted items.

Whatever the parties agree upon in the presence of the court and the jury as to the terms and purposes of admissions, or whatever either counsel asserts, if undisputed, becomes a binding statement of fact.

Admissions on former trials by a plaintiff's counsel concerning a set-off pleaded must be confined to the trials in which they were used, where defendant's counsel stated that they were made for the purposes of the trial, the plaintiff being hostile to any admission, and there was no proof that the admissions were general.

Where admissions by counsel are made for a specific purpose they are to be confined to that purpose.

On exceptions by defendants.    Overruled.

Assumpsit on account annexed to recover $1500 cash furnished by the plaintiff to the defendants. The writ also contained a count for money had and received and also an omnibus count. The

defendants filed an account in set-off amounting to $1403.34. Plea, the general issue. Verdict for plaintiff for $224.85. The defendants excepted to certain rulings made during the trial.

The case is stated in the opinion.

*Ransford W. Shaw*, for plaintiff.

*Powers & Archibald, and Ira G. Hersey,* for defendants.

SITTING: EMERY, C. J., WHITEHOUSE, SPEAR, KING, BIRD, JJ.

SPEAR, J. This is an action for money had and received in which an account in set-off was filed by the defendants. This is the third time the case has been tried. Before the first trial counsel for the plaintiff and defendants met in one of their offices and agreed that upon the trial all the items in the defendants' account in set-off were admitted except one large charge of $325. The case was tried upon the issue thus agreed upon with a verdict for the plaintiff. The verdict was set aside. The case was again tried under the same agreement with a verdict for the plaintiff. This verdict was also set aside. Before the third trial plaintiff's counsel informed defendants' counsel that the agreement upon which the two former trials had proceeded would be abrogated and that upon this trial the plaintiff would not admit the validity of any item in the defendants' set-off. It is not in controversy that the agreement between counsel upon which the first two trials proceeded was made in the absence of and without the consent of the plaintiff. The admissions, as above stated, upon which the case was tried at the first and second trials were agreed upon by counsel at the third trial without the introduction of any evidence. The plaintiff's attitude towards the admissions was admitted, and stated by his counsel as follows: "Mr. Currie would not agree with me, and did not authorize me to make an agreement with my brother, but I made it just the same, without his consent. At the second trial I think it was practically agreed, but he testified as you will find in the printed case, that that agreement was unauthorized, and I had no right to make it, and that he forbid me doing it, which he did." The court: "But you still stuck to it?" Mr. Shaw: "I did at

the time. The case came around for trial again. Mr. Currie called my attention to the fact that I had made a mistake. I then told brother Archibald when we had a conversation, that at this trial I would admit nothing." The court: "So it leaves it simply a question of law whether you are bound by the former admission." The presiding Justice sustained the right to withdraw the admissions and subjected the establishment of every item of the account in set-off to the necessity of proof. In his charge he ruled that the plaintiff was not concluded, even though he admitted at the former trials that the account in set-off was all right, and was not barred from trying out the merits of the items. He further instructed the jury that the admission of the correctness of the items was a matter to be weighed by them as to whether they ought not to be allowed and whether the plaintiff himself did not think that they should be allowed. In other words, the admissions were admitted as evidence for the consideration of the jury upon the question of fact touching the merits of the items. To the rulings of the presiding Justice upon the effect of the admissions, the defendants excepted. In view of the admissions at the first trial, the defendants had offered to be defaulted for $150. The plaintiff upon the third trial recovered more than $150, which, of course, affected the question of costs adversely to the defendants.

To discover the precise question raised by the exceptions, it is necessary to determine the true import of the admissions; whether they were made for the purposes of the trial, or generally, with intent to eliminate the items involved from all future consideration. As before observed, the terms and purposes of the admissions were agreed upon by counsel in the presence of the court and jury during the progress of the trial, and assumed the form of an agreed statement upon this particular issue. Whatever they agreed upon, or whatever either counsel asserted, if undisputed, became a statement of fact, by which the parties must be bound and the case decided. *Thorndike* v. *Inhabitants of Camden*, 82 Maine, 39. So far as appears in the statement of counsel upon either side, the only purpose for which the admissions in question were made is found in the recitals of defendants' counsel, in which it twice occurs,

once before the court and once in the presence of the jury. In each of these recitals the purpose of the agreement as to the admissions was expressed by counsel in substantially the same language. In the first he said: "And it appears of record that this admission was made for the purposes of the trial." In the second, before the jury, he used this language: "And that all of the items of the defendants' set-off were admitted for the purpose of the trial except the item of $325., etc." There is no evidence in the case that tends to extend the force of these admissions, as above expressed, beyond the purposes for which the defendants' counsel declared they were made. The attitude of the plaintiff, himself, in opposition to the right of his own counsel to make such an agreement, and his open objection to it upon the witness stand in the second trial, conclusively prove that he never intended the admissions to extend beyond the trial at which by the action of his counsel he seems to have been compelled to submit to their use. In view of the statement of the defendants' counsel, that the admissions were for the purposes of the trial, and the hostile attitude of the plaintiff to any admission at all, without any proof whatever that the admissions were general, we think the evidence requires that they should be confined to the trials in which they were used.

Upon this state of facts upon the approach of the third trial the plaintiff's counsel, as already seen, gave notice that he should withdraw his admissions and demand proof of every item in the defendants' account in set-off. Therefore the precise issue in this case is whether the admissions made for the purposes of one trial are conclusive upon the party making them in another trial when, such party before the beginning of the trial has given notice of his intention to withdraw the admissions and demand proof of the admitted items.

Upon this issue the law seems to be well settled. If not universally so held, the great weight of authority favors the rule that where admissions by counsel are made for a specific purpose they are to be confined to that purpose. *Holley* v. *Young*, 68 Maine, 215, is cited in opposition to this rule; but a careful consideration of the

case will show that the facts were entirely different and that the conclusions do not apply. In this case, as stated by the court, the admission was not limited to the trial in which it was used, but was general. In laying down the rule the court say: "We think no evil results will follow if we adopt the rule that an admission made at the first trial, if reduced to writing, or incorporated into the records of the case, will be binding at another trial of the case, unless the presiding Judge, in the exercise of his discretion, thinks proper to relieve the party from it." The agreement of plaintiff's counsel in the case at bar, to admit certain items against the plaintiff, was in effect precisely like that of counsel in *Pomeroy* v. *Prescott*, 76 Atlantic, 898, 106 Maine, 101, in which counsel by a written admission agreed to strike out certain items from the plaintiff's account annexed, but whose action the plaintiff repudiated before trial. In this case the court held that the agreement was not binding upon the plaintiff. Therefore, if the plaintiff in the case at bar had before the first trial repudiated the agreement of his counsel, the admissions would not have been binding even for that trial; but inasmuch as the plaintiff acquiesced in the first and second trials, it is evident that *Pomeroy* v. *Prescott*, is not a full precedent but is far more applicable in principle than *Holley* v. *Young*.

*Perry* v. *Simpson Waterproof Mfg. Co.*, 40 Conn. 313, is, however, a complete precedent. In this case the facts show that upon a former trial between the same parties the counsel for the defendant, a corporation, had admitted their incorporation and that certain persons were officers of the company at a certain time. A second trial was had, previous to which counsel for the defendants gave notice of their withdrawal of the admissions at the former trial. The plaintiff contended that the admissions were binding upon the second trial. The court upon this point say: "We are quite prepared to give our assent to the doctrine insisted on by the defendants' counsel, at least so far as to hold that admission of a fact made on and for the purposes of one trial, does not bind the party thus making it, so as to prevent him from disputing that fact at another trial." The defendant raised the further issue that

the admissions were not admissible for any purpose. But upon this contention the court say: "The court admitted the testimony and we think correctly. What occurred at the former trial, so far as it throws light on the question involved in the pending issue made up and to be decided between the same parties, must be admissible in evidence. General rules regulating the admissibility of evidence require it. If at a former trial certain facts were admitted as true, which it becomes important to prove in a subsequent trial, that such admission was made may be proved as a fact." The presiding Justice in the case at bar ruled in perfect accord with the doctrine of this opinion upon both points presented.

To the same effect is *Nowell* v. *Drake*, 28 Kansas, 265, in which Brewer, Judge, later Justice of the Supreme Court of the United States, held that if an admission was made "for the purposes of the trial only, and so understood by the parties at the time, it would not be binding upon the plaintiff now." *Weisbrod* v. *The Chicago & Northwestern Railway Co.*, 20 Wisconsin, 441, is also in point. In this case at a former trial the defendants' attorney made an admission as to the amount of the plaintiff's damages in case he was entitled to recover at all. The case does not show as a matter of fact that this admission was confined to the trial for which it was made, yet the court say: "We think the court mistook the effect of the admission of Mr. Edmonds (the attorney for the defendant) upon the former trial, as to the amount of damages sustained by the plaintiff. Such admissions are frequently made for the purpose of saving time, where counsel are confident of success upon some other point; and when so made they are always understood to have reference to the trial then pending, and not as stipulations which shall bind at any future trial." For analogous cases see *Baldwin* v. *Gregg*, 13 Metcalf, 253; *Boileau* v. *Rutlin*, 2 Exch. 665; *Dennie* v. *Williams et als.*, 135 Mass. 28, and cases cited.

An examination of the authorities cited by the defendants will show that they applied to unlimited agreements. *Prestwood* v. *Watson*, 111 Ala. 604, cited in Wigmore, sec. 2593, upon this point excepts limited admissions in this language: "But if by their terms they are not limited, etc., they are receivable on any

subsequent trial between the same parties.  To the same effect is *Moynahan* v. *Perkins*, 36 Colo. 481, in which the court confines the admissibility of agreement of counsel to "a general admission without limitation."  *Central Railroad* v. *Shoup*, 28 Kan. 394, holds the same.  *Oscanyan* v. *Arms Co.*, 103 U. S. 261, was a case in which, when the action was called for trial and the jury was impaneled, one of the plaintiff's counsel stated the issues and the facts which they proposed to prove.  Upon the statement of facts made by counsel the defendant moved that the court direct the jury to render a verdict in its favor.  The court thereupon inquired of the plaintiff's counsel if they claimed or admitted that the statements which had been made were true, to which they replied in the affirmative.  Argument was then had upon the motion, and the court directed the jury to find a verdict for the defendant.  The only issue involved in this phase of the case was whether the admission of counsel under these circumstances was binding.  The court held that the presiding Judge had a right to act upon this admission of counsel which if true, and it was so admitted, put an end to the case.  This ruling seems to be in accord with the universal practice of the courts.  It involved a question of procedure only.  If upon the trial, before the jury, the court was willing to act upon the counsel's statement as true instead of calling for proof, it was merely adopting one course of procedure instead of another.  It was precisely what was done in the case at bar.  Instead of the introduction of testimony to establish the admission, upon which the first two trials proceeded, the court permitted the attorneys to agree upon a statement in open court before the jury and made his ruling upon the strength of it.  This method of procedure must have been practiced from time immemorial and is of frequent occurrence in our own experience.  We think the irregularity will arise when the appellate court permits counsel in the court below to stake his case upon his own statement of the facts and then relieves him from defeat in the choice of a course upon which he is willing to take the chance of winning.

Under the facts in this case the entry must be,

*Exceptions overruled.*