WILLIAM H. MARTIN

*vs.*

CANADIAN PACIFIC RAILWAY COMPANY.

Penobscot.     Opinion, August 13, 1938.

*B. W. Blanchard,* for plaintiff.
*Edgar M. Simpson,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.    The question for decision is whether a shipment, on May 1, 1931, in interstate commerce, of a carload of potatoes, was misrouted. Consignment had been by plaintiff, from Houlton, Maine, to his own order at Wilkes-Barre, Pennsylvania, "Notify J. Budnitskys & Sons." Defendant was the initial common carrier.

The traffic moved to destination, but notice to Budnitskys & Sons met refusal to accept delivery of the tubers.

On juryless hearing, right to exceptions reserved, plaintiff offered in evidence a copy of the bill of lading. In making up this bill, a printed form was used. The blank space which the word "Route" introduced was left unfilled. In the space next below, i.e., after the printed words "Delivering Carrier," was inserted "Central New Jersey, Del."; nothing more. This, plaintiff contended, signified shipper's intention that the Central New Jersey Railroad, as connecting terminal carrier, participate in the line haul, from some point of interchange to its rails, to the end of the route. He proposed to prove that a switch movement merely having been afforded that railroad, he himself was subjected to damage.

The bill of lading was marked for identification.

The exhibit was objected.

Objection was put on the ground that the exhibit did not, as a matter of law, exact routing as contended; and was at variance, to the prejudice of the defendant, in maintaining its defense on the merits, with averment by the plaintiff in the declaration in his writ.

Exclusion from evidence was ruled.

No evidence of any other contract of carriage was presented. The trial court declined to hear evidence of damage, and found for defendant.

Plaintiff excepted.

The use of "Del.," in connection with the designation of the Central New Jersey, did not manifest requirement that the carrier have a line haul. Whether such was thereby precluded, is not relevant to present inquiry.

Under the shipping instructions, the Central was entitled only to make terminal service. *Davis, Director General* v. *Cayuga Operating Co., Inc.*, 216 N.Y.S., 186, cited by defendant.

Switching service is not a line haul, but is an incident to a line haul. *Cummings, etc., Co.* v. *Minneapolis, etc., Co.*, 182 Iowa, 955, 166 N.W., 354.

Had the consignor desired, or wished to insist upon, a line haul for the Central, as well as terminal delivery by it, that could readily have been made known, specifically, by designating that road in the routing.

12

This conclusion accords with rulings of the Interstate Commerce Commission. *Standard Lumber Co.* v. *Cleveland, etc., Railway Co.*, 146 I.C.C., 631; *Traffic Bureau* v. *Virginian Railway Co.*, 191 I.C.C., 479; *Georgia Fertilizer Co.* v. *Atlanta, etc., Co.*, 200 I.C.C., 633.

As concerns interstate commerce, interpretation by the Commission of bills of lading binds State courts. *Pennsylvania Railroad Co.* v. *Clark Bros., etc., Co.*, 238 U. S., 456, 35 S. Ct., 896, 59 Law Ed., 1406; *Northern Pacific Railway Co.* v. *Solum*, 247 U. S., 477, 483, 38 S. Ct., 550, 62 Law Ed., 1221.

On his own statement, plaintiff had no cause of action. *Currie* v. *Cleveland*, 108 Me., 103, 109, 79 A., 19; *Oscanyan* v. *Winchester, etc., Arms Co.*, 103 U. S., 261, 26 Law Ed., 539.

The exhibit did not support the declaration in the writ; exclusion from evidence was proper. *Gragg* v. *Frye*, 32 Me., 283.

*Exception overruled.*