CLYDE MOORES

*vs.*

INHABITANTS OF TOWN OF SPRINGFIELD

Penobscot.   Opinion, June 11, 1951.

*Atherton and Atherton,*
*Wendell Atherton,* for plaintiff.

*E. Donald Finnegan,*
*Francis A. Finnegan,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, MERRILL, NULTY, WILLIAMSON, JJ.   (FELLOWS, J., did not sit.)

MURCHIE, C. J.   The plaintiff brings this case to this court, for the second time, on exceptions to the acceptance of a referee's report giving judgment against him.   On the

first occasion, his exceptions were sustained. *Moores* v. *Inhabitants of Town of Springfield,* 144 Me. 54, 64 A. (2nd) 569. This time they must be overruled.

At the first trial the defendants permitted the Orders of the defendant Town on which the action is based to be introduced in evidence by admission of their due execution, despite an earlier demand for proof thereof, alleging the signatures thereon not genuine. The plaintiff, in turn, resting his case on the Orders and the admission, admitted the allegations carried in the defendants' brief statement, that the defendant Town, at the times the Orders were issued, had indebtedness outstanding in excess of its constitutional debt limit.

The admission of the plaintiff being declared insufficient to preclude his recovery on the Orders, *Moores* v. *Inhabitants of Town of Springfield, supra,* the plaintiff, at the second trial, rested his case again on the Orders and the defendants' admission in connection therewith. The defendants, thereupon, submitted evidence that each and every Order had been signed by a single selectman, affixing the names of all the selectmen in office at the time of issue. The referee found for the defendants on the ground that none of the Orders were signed by all the selectmen, or a majority of them, and declared, expressly, that if he had discretionary authority to relieve the defendants of their admission at the first trial, he would do so.

This is conclusive of the case, on the very authorities relied on by the plaintiff. Those authorities establish as a general principle that a formal admission made at one trial of a case is provable at a second one. *Holley* v. *Young,* 68 Me. 215; *Wetherell* v. *Bird,* 7 Car. & P. 6, 173 Eng. Reprint 3; *Currie* v. *Cleveland,* 108 Me. 103, 79 A. 19; *Prestwood* v. *Watson,* 111 Ala. 604, 20 So. 600; *Perry* v. *Simpson Waterproof Mfg. Co.,* 40 Conn. 313; *Moynahan* v. *Perkins,* 36 Colo. 481, 85 Pac. 1132, 10 Ann. Cas. 1061; *Central*

*Branch Union Pacific Railroad Co.* v. *Shoup,* 28 Kan. 394, 42 Am. Rep. 163, 1 Greenleaf on Evidence, Sec. 186, Wigmore on Evidence, 2nd. Ed., Vol. 5, Sec. 2593; and the Annotation in A. L. R. (following the report of *LeBarron* v. *City of Harvard,* 129 Neb. 460, 262 N. W. 26, 100 A. L. R. 767). They do not support the plaintiff's claim that such an admission has controlling force.

The pertinent law, in this jurisdiction, was declared in *Holley* v. *Young, supra.* The opinion in that case closes by declaring an exception, or qualification, to the general principle aforesaid. After citing *Wetherell* v. *Bird, supra,* and 1 Greenleaf on Evidence, Section 186, Mr. Justice Walton, referring to Professor Greenleaf's later declaration, in Section 206, that courts are vested with discretionary authority to relieve parties from admissions made improvidently, or by mistake, concluded:

> "With such a discretionary power lodged in the court, we think no evil results will follow if we adopt the rule that an admission made at the first trial, if reduced to writing, or incorporated into a record of the case, will be binding at another trial of the case, unless the presiding judge, in the exercise of his discretion, thinks proper to relieve the party from it."

This was quoted with approval in *Currie* v. *Cleveland, Moynahan* v. *Perkins* and *Central Branch Union Pacific Railroad Co.* v. *Shoup,* all *supra,* and recognized in *LeBarron* v. *City of Harvard, supra.* It is part of the foundation for the statement in the Annotation thereto, 100 A. L. R. 775, 776, that the general rule makes a stipulation, or admission, formally made at one trial of a case, available at a subsequent one "unless the court permits its withdrawal upon proper application."

There could be doubt, in the present case, whether the admission made at the first trial was not limited to the purposes thereof by necessary implication, although no express

statement to that effect was made at the time, and this would preclude the application of the general rule. Assuming otherwise, there can be no doubt that the circumstances under which the admission was made justified the referee in exercising discretionary authority to relieve the defendants from its improvidence. The Orders sued on were not duly executed. They should not bind the defendant Town. The plaintiff should not be permitted to recover on them.

*Exceptions overruled.*