Judith E. CHANDLER et al.

v.

Joseph L. DUBEY et al.

Supreme Judicial Court of Maine.

Oct. 20, 1977.

Preti & Flaherty by Arthur A. Peabody, Portland, for plaintiffs.

Aldrich & Turner by Rupert F. Aldrich, South Paris, for defendants.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

POMEROY, Justice.

The parties to this action have been before this Court twice before. In *Browne v. Dubey*, Me., 251 A.2d 424 (1969), the executrix of the will of the late Victor C. Sylvester sought a determination of the rights of the defendants in realty left to the decedent under the terms of the will of Maurice A. Sylvester. The issue before us on appeal was the nature of decedent's title. We held that the realty had passed to the decedent in fee simple absolute.

In *Chandler v. Dubey*, Me., 325 A.2d 6 (1974), the decedent's daughters, claiming an interest in the realty under their father's will, sought to have a constructive trust imposed on the realty. The facts disclosed that while *Browne* was pending, one of the named defendants purchased title from the Town of Bridgton which had perfected liens for unpaid taxes on the property. The plaintiff daughters agreed "[f]or the purposes of this action for declaratory judgment, and this action only . . ." that title was in the Town of Bridgton. The plaintiffs failed to convince the Court that the essential elements of a constructive trust existed, and their appeal was denied.

Now the plaintiffs seek to attack directly the validity of the title acquired by the town and the defendants, the intestate heirs of the purchaser. The defendants moved for summary judgment on the ground that the plaintiffs had admitted in the previous action that the town had good title. The motion was granted and the plaintiffs seasonably appealed.

We deny the appeal.

Appellants argue that the admission in the prior action regarding the validity of the title was limited to that action only and should not bind them in the present proceeding. They rely here on *Moynahan v. Perkins*, 36 Colo. 481, 85 P. 1132 (1906); *Moores v. Inhabitants of Springfield*, 146 Me. 325, 81 A.2d 428 (1951); *Currie v. Cleveland*, 108 Me. 103, 79 A. 19 (1911); and *Dennie v. Williams*, 135 Mass. 28 (1883). Appellants urge further that title in the town has not been litigated and that the fact of good title was not necessary to our result in *Chandler v. Dubey, supra*.

We disagree with all of the appellants' contentions.

The general rule regarding admissions in a prior action is that if admissions are reduced to writing or incorporated in the record of the case, they will be binding at another trial of the same case. *Moores v. Inhabitants of Springfield, supra; Holley v. Young*, 68 Me. 215 (1878). At the discretion of the trial court, however, the admissions may be withdrawn for purposes of the subsequent action. *Moores v. Inhabitants of Springfield, supra; Holley v. Young, supra*. It appears that in order to be relieved from an admission, a party must specifically request such relief. Appellants have not done so in this case. Appellants assert, however, that where admissions are specifically limited on their face to the prior action, no such request is required. This assertion seems supported by case law. *See Moynahan v. Perkins, supra; Currie v. Cleveland, supra*.

Before applying this principle to the case at hand, however, "it is necessary to determine the true import of the admissions; whether they were made for the purposes of the trial, or generally, with intent to eliminate the items involved from all future consideration." *Currie v. Cleveland, supra*, 108 Me. at 105, 79 A. at 19. Furthermore, we must examine the effect of the admission on the prior case. If the admission formed the basis for the Court's

previous decision, judicial integrity requires that the admission be treated as an adjudicated fact which would collaterally estop the appellants in this action.[1]

Clearly, the plaintiffs in the prior action did not wish to be bound for all future purposes by their admission that title was in the Town of Bridgton. While it might be argued that since plaintiffs did not foresee any more litigation[2] over the property at issue and therefore could not have had any intent on the subject of whether they would be bound, the plain language of the admission demonstrates to the contrary. The agreed statement was made "[f]or the purposes of this action for declaratory judgment, and this action only . . . ." In some cases, the intent of the admitting party may be conclusive. Here, however, the interrelation of the admission and the prior holding of this Court in *Chandler v. Dubey, supra,* requires the application of collateral estoppel, despite the plaintiffs' intent.

■ The doctrines of res judicata and collateral estoppel often come into play where a case is litigated more than once. Res judicata has been held to require "that when the matter in controversy has once been inquired into and settled by a court of competent jurisdiction it cannot be again drawn in question in another suit between the same parties or their privies." *Cianchette v. Verrier,* 155 Me. 74, 88–89, 151 A.2d 502, 509 (1959). Collateral estoppel, on the other hand, reaches the situation where the parties are the same but the cause of

action is different. In that case, the prior judgment is only conclusive upon the issues actually tried. *Bray v. Spencer,* 146 Me. 416, 82 A.2d 794 (1951).

■ While the parties in the instant case are the same, the causes of action differ. The prior litigation concerned whether the elements of a constructive trust had been made out. Here, the issue is actual title to the realty. Since the issues are different, "res judicata cannot be upheld and [collateral estoppel] is conclusive only to such facts without proof of which [the prior decision] could not have been rendered." *Cianchette v. Verrier, supra,* 155 Me. at 89, 151 A.2d at 510. The admission that title was in the town was such a fact.

■ While actual legal title in one over whom a constructive trust is sought to be imposed is not always a prerequisite,[3] a constructive trust requires that the alleged trustee have some use or title in the contested property. 4 J. Pomeroy, *Equity Jurisprudence,* § 1052 (5th ed. 1941). The party seeking the imposition of a constructive trust has the burden of proof. *Ruebsamen v. Maddocks,* Me., 340 A.2d 31 (1975); *Chandler v. Dubey, supra; Sacre v. Sacre,* 143 Me. 80, 55 A.2d 592 (1947). The plaintiffs in *Chandler* had the burden of showing some form of title or use in the defendants. While the extent of title, if any, could have been litigated, plaintiffs chose to admit that title was in the town. In fact, we expressly noted in *Chandler* that title acquired by tax liens was often questionable. However,

---

1. *Cf. Bissell v. Spring Valley Township,* 124 U.S. 225, 8 S.Ct. 495, 31 L.Ed. 411 (1888). In *Bissell,* the plaintiff sought to litigate the validity of certain coupons attached to bonds. In a prior action concerning other coupons attached to the same bonds, the plaintiff admitted in his demurrer that a required signature was not present on the bonds. The bonds were found to be invalid because of the lack of the signature.

In the subsequent action, the plaintiff was held estopped to relitigate the validity of the bonds. The Court stated:

"There are undoubtedly many cases where a final judgment upon a demurrer will not conclude as to a future action. . . . But where the demurrer is to a pleading setting forth distinctly specific facts touching the

merits of the action or defense and final judgment is rendered thereon, it would be difficult to find any reason in principle why the facts thus admitted should not be considered for all purposes as fully established as if found by a jury, or admitted in open court." 124 U.S. at 232, 8 S.Ct. at 499.

2. Appellants' counsel, who had represented the plaintiffs at the previous trial, stated in his brief that he made the stipulation because he could not conceive that a constructive trust would not be imposed.

3. *See Sacre v. Sacre,* 143 Me. 80, 55 A.2d 592 (1947), where a constructive trust was impressed on the holder of a bond for a deed. The holder did not have legal title.

since the validity of the title was conceded, we had no choice but to examine only the issue before us; namely, whether fraud, a confidential relationship, oppression, or mistake were present. *Chandler v. Dubey, supra* at 8, n.2.

While the holding in *Chandler* was that the elements of a constructive trust had not been made out, the effect of the decision, given the admission, was to establish good title in the defendants.[4] The admitted facts, therefore, must be treated as though they had been litigated in the prior action. The appellants are estopped to raise the issue of title in the defendants in the present action.

This conclusion derives force from yet another consideration. If we were to treat the agreed statement of facts as only binding on the prior action, we would be forced to turn our earlier decision into an advisory opinion. Advisory opinions may only be rendered under restricted circumstances set out in art. VI, sec. 3 of the Maine constitution. *Jones v. Maine State Highway Commission,* Me., 238 A.2d 226, 228 (1968). Under 14 M.R.S.A. § 5951 *et seq.,* we are empowered to render declaratory judgments, such as the plaintiffs to the prior action sought. A declaratory judgment however, requires the existence of a controversy so that the judgment rendered will not be advisory in effect. *Maine Sugar Industries, Inc. v. Maine Industrial Building Authority,* Me., 264 A.2d 1, 4 (1970); *Jones v. Maine State Highway Commission, supra* at 228; *Maine Broadcasting Co. v. Eastern Trust & Banking Co.,* 142 Me. 220, 49 A.2d 224, 225 (1946).

Since title was conceded to be in the Town of Bridgton, the interests of the plaintiffs and defendants in *Chandler* were clearly adverse. Absent defendants' title in or use of the property, however, there could have been no justiciable controversy.

We recognize the value of admissions in a trial. Such admissions save the public, as well as the parties, time and money. Since the concession of valid title in the town formed the basis for our holding in *Chandler,* the appellants here are estopped to deny good title in the defendants.

The entry must be:

Appeal denied.

DUFRESNE, Active Retired Judge sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.

---

4. The complaint itself sought a declaratory judgment that the plaintiffs were the owners of the real estate. That we treated the complaint as an effort to establish title is apparent from the footnotes. 325 A.2d at 8, n.2.