SAMUEL J. FOSTER *vs.* ELLA P. SMITH & others.

Essex.   March 23, 1892. — May 9, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Devise of Absolute Estate — Construction of Will — Oral Declarations — Undevised Estate.*

A testator, by his will, gave his entire estate to his wife, " to her and her assigns, for her to use and dispose of in any way she may think best, either to sell and convey by deed, or to will the same without regard to any legacies hereinafter contained."   Any property at her decease not disposed of by her will or otherwise was to go by eleven devises and bequests to certain individuals.   The will further provided, " If at the decease of my said wife there should not be property enough to pay the before named legacies in full, then each is to receive their proportional part according to their respective legacies.   But if there should be more property . . . than the legacies herein amount to, then it is to be divided in proportion to their legacies, to the amount in the aggregate of two thousand dollars."   *Held,* that the wife took an absolute estate, and that the provisions directing the disposition of the property at her decease were of no effect.

A testatrix's estate consisted of money and securities, and an undivided fifth of

certain lands inherited from her father and mother; of money and securities and seven parcels of land, which came to her by the will of her husband; of money and securities which she had acquired herself; and a few articles besides. The eighteenth article of her will was as follows, "I give and bequeath to E. P. S., wife of W. S., my best bed and mattress, bed sofa, camphor trunk, two flag-bottomed chairs, set of china, twelve teaspoons, four table-spoons, butter-knife, a sugar-spoon, one quarter part of my bed linen, and three thousand dollars in money, together with the residue of the goods and chattels not herein-before named, and two thousand dollars more, should there be that amount left after the disposal of the remaining real estate of my deceased husband." *Held*, that the testatrix intended to give E. P. S. the articles of household use named, and all similar goods and chattels not before specifically devised to others, and the sum of five thousand dollars in money if her estate was sufficient, or if by selling the real estate which had come to her from her husband and which she had not sold or specifically devised, there should be enough with the assets of her estate not inherited from her own father and mother to pay in full that sum, and the bequests given in the first eighteen clauses of her will; and that she did not intend to give to her more than five thousand dollars in money.

The oral declarations of the testatrix, after making her will, of her intentions therein, are under the circumstances of this case inadmissible to control or explain the will.

Where a will does not dispose of the whole estate of a testatrix, property not disposed of therein passes to the next of kin and heirs at law, as intestate property.

BILL IN EQUITY, by the executor of the will of Eleanor Perry against Ella P. Smith, the next of kin of the administratrix, the administrator *de bonis non* with the will annexed of James Perry, the administratrix's husband, and certain legatees under his will. The case was heard by *Knowlton*, J., who reported it for the con-sideration of the full court.    The facts appear in the opinion.

*W. F. Dana*, for the plaintiff.

*H. P. Moulton*, for Ella P. Smith.

*A. L. Huntington*, for the next of kin.

*C. I. Giddings*, for the administrator *de bonis non* and the legatees.

BARKER, J.    The case involves the construction of the will of Eleanor Perry, who died in 1889, and incidentally the will of her husband, James Perry, who died in 1876.    Mrs. Perry's heirs at law and next of kin were two brothers, a sister, and the four children of a deceased brother.    Her estate consisted of about $3,600 in money and securities, and an undivided fifth of certain lands which came to her from her father and mother; of about $9,700 in money and securities, and seven parcels of land, which she took under the will of her husband; of about

$965 in money and securities, which she had herself acquired; and in some household furniture and similar goods and chattels, the source of her ownership of which is not stated.

The first question is whether the estate given to her by the will of her husband was absolute, or only for her life with power of disposal by deed or will. The will of James Perry, after appointing his wife executrix, and directing her to pay his debts and funeral expenses as soon as she shall find it convenient, proceeds as follows: " And as to my worldly estate, and all the property, real, personal, or mixed, of which I shall die seised and possessed, or to which I shall be entitled at the time of my decease, I devise, bequeath, and dispose thereof in the manner following, to wit: 1st. I give, devise, and bequeath to my beloved wife, Eleanor Perry, all my real and all my personal estate of every kind and description, to her and her assigns, for her to use and dispose of in any way she may think best, either to sell and convey by deed or to will the same without regard to any legacies hereinafter contained. But at the decease of my said wife, if there should be any of my said property, real or personal, or both, which she has not disposed of by will or otherwise, then my will is that said residue or remainder of my said estates I devise and bequeath as follows, to wit." Then follow eleven devises and legacies to individuals, succeeded by the following provisions : " If at the decease of my said wife there should not be property enough to pay the before named legacies in full, then each is to receive their proportional part according to their respective legacies. But if there should be more property at the decease of my said wife than the legacies herein amount to, then it is to be divided in proportion to their legacies, to the amount in the aggregate of two thousand dollars." These are all the provisions of the will except the usual formal commencement and the usual conclusion.

Whether this will gave to the testator's widow the full ownership of his property, or only a life interest with power of disposal, is to be determined by ascertaining from the whole will the intention of the testator, and by giving it effect so far as it does not contravene the rules of law. But, as held in *Kent* v. *Morrison*, 153 Mass. 137, if the testator intended to give absolutely a fee simple he cannot attach to it a quality or condition

inconsistent with such an estate. He cannot say that, although the devisee shall hold the property in fee simple after it has vested, yet if he does not convey it in his lifetime or devise it by will it shall not descend as his property, but shall be considered as the property of the testator and pass as part of his estate. Examining the will the indications which point most strongly to the view that the testator did not intend to confer absolute ownership upon his wife are the absence of strict words of inheritance in the clause making provision for her, and the provisions for the disposal of the residue or remainder of his estate after her decease. If the words used in making the provision for Mrs. Perry were the operative words of a conveyance of land at common law, they would give to the grantee no more than a life interest with power of disposal. But since used in a will, they may, if so intended, confer absolute ownership, and under our statute are to be so construed, unless it clearly appears by the will that the testator intended to convey a less estate ; Pub. Sts. c. 127, § 24 ; so that the question is whether it clearly appears by this will that the husband intended to give a less estate. In addition to the circumstances noted, some weight in the same direction may be given to the clause which states that it is " for her to use," and to the insertion of the powers to dispose of the property, all of which would have been unnecessary if the testator had supposed that he was making her the absolute owner. Looking at the subsequent provisions of the will, we find, first, a devise of land without any words of inheritance or limitation ; next, a gift of lands and money to one " and her heirs and assigns forever"; and next, a devise of lands and a pew in the Baptist meeting-house to one " to hold during his natural life, . . . to hold and improve during his natural life, and after him to go to his nearest heirs." In addition, there are separate pecuniary legacies, in some of which the formula used is, " I give, devise, and bequeath to . . ., to her and her heirs," and in others, " to her and her heirs forever." These provisions show that the usual technical expressions used in the creation of life estates and fees simple were not unknown to the person who drafted the instrument, though upon the whole will it is very doubtful whether he was acquainted with their technical meaning, and whether in adopting or rejecting them in any particular

provision the testator can be fairly supposed to have acted with knowledge of their precise effect.

The whole instrument gives the impression that it was not drafted by one skilled in the use of legal phraseology. In the outset it expresses a desire to dispose of all the testator's estate; but it is clear that this is not done upon any theory of its meaning, except that which gives the absolute ownership of the whole to his wife. The first devise of real estate is without words of inheritance, yet the remainder in that parcel is not disposed of. The testator had several parcels of land which he does not specifically devise ; his will contains no general residuary clause, while the excess in value of his personalty above the amount necessary to pay all his legacies was more than the two thousand dollars by which the legacies were to be increased if there should be more property at the death of his wife than the amount of the legacies. Upon the whole, it seems impossible to say what degree of learning dictated the selection of the terms used, and it must be doubtful what inference should be drawn from language which may or may not have been used with an understanding of its technical sense. As already stated, the testator at the outset declares his intention to dispose of all his property, and this favors the supposition that he meant to give the absolute ownership to his wife, by which construction alone has his purpose been effected. He had made her his executrix; and the statement that the property is " for her to use," and the insertion of the power of disposal, may, like his insertion of words of inheritance in his bequests of sums of money, have been due to an over anxiety to make it certain that the property should be wholly her own. So, too, the provisions for disposing of the property at her decease may, consistently with her full ownership, be accounted for upon the theory that the testator was ignorant of the doctrine which forbade him to attach to her estate the inconsistent quality that, if undisposed of by her, it should go as directed by his own will. Upon the whole, we are of opinion that it does not clearly appear by the will that the testator intended his wife to have less than all the estate which he could lawfully devise; and, applying the statute referred to, we construe the devise to her to have been in fee, and hold that his subsequent provisions for the disposition of the property

upon her death are inconsistent with her estate, and of no effect.

Assuming that Eleanor Perry was the absolute owner of the property which came to her under the will of her husband, it is not difficult to arrive at the construction of her own will. The principal question is as to the meaning of the eighteenth clause, which makes provision for Ella P. Smith. It is contended by her that she is entitled under it to the whole residue of the personal property after payment of the charges of administration and the satisfaction of the other legacies given by the will, and that she is also entitled to have all the real estate which came to the testatrix from her husband, and of which the testatrix had made no specific devise, sold, and the entire proceeds paid to her. The clause is as follows: " I give and bequeath to Ella P. Smith, wife of Weldon Smith, my best bed and mattress, best sofa, camphor trunk, two flag-bottomed chairs, set of china, twelve teaspoons, four table-spoons, butter-knife, a sugar-spoon, one quarter part of my bed linen, and three thousand dollars in money, together with the residue of the goods and chattels not hereinbefore named, and two thousand dollars more, should there be that amount left after the disposal of the remaining real estate of my deceased husband."

Ella P. Smith was a legatee in the will of James Perry, before mentioned, to the amount of three thousand dollars. By the previous articles of her own will, the testatrix had given to the other legatees of her husband who were living the several sums of money and parcels of land named in his will for each to take upon her death. James P. Day, to whom her husband had devised the High Street lot without words of inheritance, had died without issue in the year 1888, and his father, who was not of her husband's blood, was his heir; she devised this lot to six of her husband's nieces and a nephew. Anna F. Day, to whom her husband's will gave the Hale Street lot in fee and two hundred dollars in money, had died, and Mrs. Perry devised that lot and the same sum of money to the daughter of Mrs. Day. In addition to these provisions, the testatrix had by the previous articles given to two nieces of her husband not mentioned in his will two hundred dollars each, and to several persons, some of whom were her own relatives, and not mentioned in her hus-

band's will, articles of household furniture and utensils, including two quarter parts of her bed linen.

The will does not anywhere profess to dispose of the whole estate of the testatrix, and it is clear that her oral declarations, of which evidence was admitted *de bene,* cannot be resorted to to explain her intention. *Tucker* v. *Seaman's Aid Society,* 7 Met. 188. *Weston* v. *Foster,* 7 Met. 297. *Warren* v. *Gregg,* 116 Mass. 304. *Denfield, petitioner, ante,* 265.

We think it clear that the clause under consideration cannot be construed to be a residuary clause, passing the money and securities of the testatrix not needed to pay charges and to satisfy other legacies, and that it makes no specific charge upon real estate for the benefit of Mrs. Smith. If the words "residue of the goods and chattels not hereinbefore mentioned" included money and securities, it would carry the whole, and make the specific mention of the sums of three thousand dollars and of two thousand dollars unnecessary. The words plainly refer only to articles of household or personal use, such as had been before named in this and in earlier clauses of the will, and not to money or securities for money. *Dole* v. *Johnson,* 3 Allen, 364, and cases cited. The clause does not in any event give to Mrs. Smith more than five thousand dollars in money. The concluding part of the article "and two thousand dollars more, should there be that amount left after the disposal of the remaining real estate of my deceased husband," can have no further operation in favor of Mrs. Smith than to make it the duty of the executor to resort to a sale of that real estate, if necessary, to enable him to pay to her the full sum of five thousand dollars. As the pecuniary legacies amount to but eighty-two hundred dollars, while the money and securities of the testatrix not derived from her father and mother amount to over ten thousand five hundred dollars, it will probably be unnecessary to resort to a sale of the land. Very likely, the testatrix supposed that any part of the property received from her husband and not disposed of by herself would pass under her husband's will, and meant to make it certain that Mrs. Smith should have the additional two thousand dollars before any of her husband's legatees should have the right to have more than the specific sums given in his will.

But the claim that it was her intention, by the eighteenth article, to make Mrs. Smith the residuary legatee of all her personalty not derived from her own parents, and to charge the real estate received from Mr. Perry with an additional two thousand dollars for the benefit of Mrs. Smith, is entirely untenable.

To recapitulate, in our opinion Eleanor Perry took an absolute and full estate under the will of her husband, and the provisions of his will directing the disposition of his property at her decease are of no effect. By her own will she intended to give to Ella P. Smith the articles of household use named in the eighteenth article, and all similar goods and chattels not before specifically devised to others, and the sum of five thousand dollars in money, if her estate was sufficient, or if, by selling the real estate which had come to her from her husband, and which she had not sold or specifically devised, there should be enough, with the assets of her estate not inherited from her own father and mother, to pay in full that sum and the bequests given in the first eighteen clauses of her will; and she did not intend to give to Ella P. Smith more than five thousand dollars in money. If, in the settlement of the estate, it shall become necessary to sell the real estate which the testatrix received from her husband, and which she did not specifically devise, the executor has power to do so; otherwise, that and any personalty not derived from her father and mother, and not needed for the payment of legacies, debts, and charges, will pass to her next of kin and heirs at law as intestate property, and the executor is to be so advised.

*Decree accordingly.*