In Equity.

WILLIAM M. BRADLEY, Admr., d. b. n. c. t. a.,

vs.

LUMAN WARREN et als.

Cumberland:    Opinion November 7, 1908.

*Wills. Construction. Intention of Testator. Devise. Repugnant Limitation.
Estate in Fee.*

The intention of a testator is to have a controlling influence in the interpretation of the language used in his will, but if he would have that intention, when discovered, fully carried out, he must be expected to conform to the reasonable rules for the regulation of the practical affairs of life, and to the fundamental laws which establish and secure the rights of property, and when an intention is discovered to accomplish two purposes so inconsistent that both cannot be accomplished in accordance with those rules and laws, there must be a failure as to one of them.

It is a well settled rule that a devise absolute and entire in its terms, presumptively conveys an estate in fee without words of inheritance and that any limitation over afterwards is repugnant and void.

The third clause of the will of a testator, Joseph B. Bradley, reads as follows:

"Third: The residue of my estate, real personal and mixed, I give devise and bequeath in equal shares to wit. One moiety thereof, to my said wife. One moiety thereof to my daughter Alice Buck now wife of Luman Warren, provided however that if my said daughter shall before this will take effect die without issue, said share shall descend to and be distributed among my heirs at law, and if at her decease this will shall have taken effect, and she shall have entered into possession of said estate so much thereof as may remain at her decease shall so descend and be distributed to and among my heirs at law, meaning those who would be my heirs at her decease according to the laws of this State." The said Alice Buck Warren died intestate leaving a husband but no issue living at the time of her death. The will had taken effect, however, and she had taken possession of her half of the estate before her decease.

*Held:* (1) That the said Alice Buck Warren took an absolute estate in fee in a moiety of the residue of the testator's estate.

(2) That even upon the assumption that she did not obtain a fee but only a life estate by implication the same result must follow for the reason that an unqualified power of disposal was annexed to the gift.

In equity.  On report.  Decree according to opinion.

Bill in equity brought by William M. Bradley, of Portland, Maine, administrator de bonis non cum testamento annexo, against Luman Warren, of Bucksport, Maine, Franklin A. Buck, of Seattle, State of Washington, Margaret A. Barnard, of Rowe, Mass., Kia C. Fisher, of Brookline, Mass., and George H. Buck, executor of the will of Mary L. Buck, of Chelsea, Mass., to obtain the judicial construction of the will of Joseph B. Bradley, of Bucksport, Maine, deceased testate.  The defendant Warren filed an answer and the answers of all the other defendants were the same.  When the cause came on for hearing before the Justice of the first instance, and by agreement of all the parties thereto, the case was reported to the Law Court.

The case appears in the opinion.

*Geo. E. Bird, and Wm. M. Bradley,* for plaintiff.

*Anthoine & Talbot,* for defendants Barnard, Fisher, and Buck, executor.

*F. H. Appleton, and Hugh R. Chaplin,* for defendant Franklin A. Buck.

*T. H. Smith,* for defendant Warren,

Also all defendants pro se.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, JJ.

WHITEHOUSE, J.  This is a bill in equity brought to obtain a judicial construction of the will of Joseph B. Bradley late of Bucksport in the County of Hancock.  The case comes to the Law Court on report from Cumberland County.

The controversy arises in connection with paragraph third of the will which reads as follows: "Third: The residue of my estate, real, personal and mixed, I give, devise and bequeath in equal shares to wit.  One moiety thereof to my said wife.  One moiety thereof to my daughter Alice Buck now wife of Luman Warren, provided however that if my said daughter shall before this will take effect die without issue, said share shall descend to and be distributed among my heirs at law, and if at her decease this will shall have taken effect, and she shall have entered into possession of said

estate so much thereof as may remain at her decease shall so descend and be distributed to and among my heirs at law, meaning those who would be my heirs at her decease according to the laws of this State."

Alice Buck Warren died intestate on the twenty-third day of December, 1906, leaving a husband, but no issue living at the time of her death. The will had taken effect, however, and she had taken possession of her half of the estate before her decease.

The question presented for the determination of the court relates to the nature and quantity of the estate taken by the testator's daughter Alice under the provisions of this paragraph of the will. It is contended in behalf of the husband and heirs at law of Alice Buck Warren, that she took an absolute estate in fee in a moiety of the residue of the testator's real and personal estate and that the limitation over to the testator's heirs at law was void. On the other hand, it is argued that it was the intention of the testator that his daughter Alice should not take an absolute fee in a moiety of the estate and that whether she took a conditional fee with an executory devise over, or whether she took a life estate with a remainder to her issue and failing issue a limitation over to the testator's heirs, that limitation over is valid as to what remained at the decease of Alice.

It is the opinion of the court that the former contention must be sustained, and that according to the rule established by a uniform line of decisions upon this question in this State and Massachusetts, it must be held that under the terms of the will, Alice Buck Warren did take an absolute estate in fee in a moiety of the residue of the testator's estate.

It has been observed from the reading of paragraph three of the will that the devise to the daughter Alice was not limited to a life estate by the use of explicit language for that purpose. If it be held that a life estate only was created in her favor, it must result from implication and not from direct and positive terms.

This question arose upon a closely analogous provision of the will in *Taylor* v. *Brown*, 88 Maine, 56. The testamentary clause there in question reads as follows:

"I will, devise and bequeath to my beloved wife, Lila Judkins, my home lot and buildings thereon situated at West Farmington, near the depot and known as the Davis Stand, and also all my household goods, beds and bedding and two hundred dollars in money; and at her decease what remains I wish to be divided equally between Jacob J. Brown and Nellie Washburn, children of my wife's sister."

It was held that an estate in fee passed to the widow in the property described, and that if the testator intended a devise over to the children of his wife's sister, he failed to employ suitable terms to effectuate the intention. In the opinion the court say: "We think it clear that this case falls in the category of a long list of cases where it has been held that, if the testator intended a devise to one person for life and then a devise over to another, he or she has failed to use appropriate terms to effectuate such an intention. The trouble in many cases is that a testator seeks to accomplish two or more inconsistent purposes in one bequest. In the present case the testator makes an absolute gift, and then expresses a wish as to how the donee may dispose of a portion of the estate before her death. The title of property once given away cannot be regained by the hand that gave it." See also an instructive discussion of this principle in *Copeland* v. *Barron*, 72 Maine, 206.

In *Joslin* v. *Rhoades*, 150 Mass. 301, the construction of the following provision of the will was brought in question, viz.

"First. After the payment of all just and legal claims against my estate I give, bequeath and devise to my beloved wife, Ellen M. Joslin, all of my estate both real and personal to be to her and her heirs and assigns forever, but upon the express condition that if any portion of my said estate should remain in the possession of my said wife at the time of her decease, such remaining part shall be divided as follows: (part to Abby S. C. Putney and the remainder to the testator's legal heirs)."

In the opinion the court says: "We think that the construction to be given to the first article of the will is that the testator intended to give absolutely to his wife all his real and personal estate remaining after the payment of his debts; that he did this upon condition

that if any of it remained in her possession at her death it should be divided according to the provision of the last clause of this article, and that he did not intend to give his wife merely a life estate with a power of disposal by deed. Such a condition is inconsistent with the gift and is void." See also *Mitchell* v. *Morse*, 77 Maine, 423; *Kelley* v. *Meins*, 135 Mass. 231; *Damrell* v. *Hartt*, 137 Mass. 213; *Foster* v. *Smith*, 156 Mass. 379; *Knight* v. *Knight*, 162 Mass. 460; *Church* v. *Harris*, 62 Conn. 93; *Rodenfels* v. *Shuman*, 45 N. J. Eq. 383; *Pierce* v. *Simmons*, 16 R. I. 689.

In the foregoing cases the courts were governed by the well settled rule that a devise absolute and entire in its terms, presumptively conveys an estate in fee without words of inheritance, and that any limitation over afterwards is repugnant and void. It may be true that this rule sometimes appears to operate harshly in defeating the probable intention of the testator, but the observance of it has been deemed indispensable to the required certainty and security in establishing titles to property and especially in the disposition of landed estates. As remarked by the court in *Taylor* v. *Brown*, 88 Maine, supra,—" It is a safer rule than one which for want of strictness would be attended in its application with all sorts and shades of doubt and uncertainty."

If Alice Buck Warren took an absolute fee, under the rule above stated it cannot be limited or diminished by the subsequent proviso or condition.

But even upon the assumption that Alice did not obtain a fee but only a life estate by implication the same result must follow, for the reason that an unqualified power of disposal was annexed to the gift. The clause in question declares that "if at her decease this will shall have taken effect and she shall have entered into possession of said estate, so much thereof as may remain at her decease shall so descend," etc. In *Ramsdell* v. *Ramsdell*, 21 Maine, 288, the language of the testator was "I give and bequeath, after the decease of my wife, all my property if any remains, to my brothers and sisters," etc. It was held that the widow had the absolute right to dispose of the entire property. In the opinion the court says: "The intention of the testator, is to have a controlling influence in

the interpretation of the language used in his will. If he would have that intention, when discovered, fully carried into effect, he must be expected to conform to the reasonable rules for the regulation of the practical affairs of life, and to the fundamental laws, which establish and secure the rights of property. When an intention is discovered to accomplish two purposes so inconsistent, that both cannot be accomplished in accordance with those rules and laws, there must be a failure as to one of them."

In *Harris* v. *Knapp*, 21 Pick. 412, the terms of the will in question were as follows: "And whatever shall remain at her death I give," etc., and it was held that there was an unqualified power of disposal." See also *McGuire* v. *Gallagher*, 99 Maine, 334; *Williams* v. *Dearborn*, 101 Maine, 511, and *Young* v. *Hillier*, 103 Maine, 17.

The language of the will of Joseph B. Bradley in question, viz: "So much thereof as may remain at her decease," clearly implies an unqualified power of disposal.

If then Alice Buck Warren is to be deemed to have taken a life estate by implication, with an unqualified power of disposal annexed, it is well settled that any limitation over is repugnant and void. *Stuart* v. *Walker*, 72 Maine, 145; *Ramsdell* v. *Ramsdell*, 21 Maine, supra; *Copeland* v. *Barron*, 72 Maine, supra.

It is accordingly the opinion of the court that under the terms of the third paragraph of the will in question, Alice Buck Warren became the absolute owner of one-half of the residue of the real and personal estate of the testator.

*Decree accordingly.*