NATHAN E. MORRILL, In Equity

*vs.*

RALPH H. MORRILL, et als.

Oxford.    Opinion May 1, 1917.

*Construction of wills.    Rule as to devisees taking fee when no words of limitation*
*are used.    Effect of limitations or conditions which are inconsistent and*
*repugnant to language used in devise.    Rule as to intention to*
*create a fee where devisee is given power of sale and disposal.*

1.   It is a well settled rule that a devise absolute and entire in its terms, without
     words of inheritance, presumptively conveys an estate in fee and that any
     limitation over afterwards is repugnant and void.

2.   Where an absolute power of disposal is given to the first taker, a subsequent
     limitation is inconsistent and destructive of all other rights.

Bill in equity asking for the construction and interpretation of certain provisions of the will of Nathan E. Morrill of Buckfield, in the county of Oxford and State of Maine.   Cause was reported to law court upon bill, answer and agreed statement of facts.    Bill sustained. Decree in accordance with opinion.

Case stated in opinion.

*Frederick R. Dyer,* for plaintiff.

*William H. Gulliver,* for defendants.

SITTING:   SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

HALEY, J.   This is a bill in equity asking the court to construe and interpret the provisions of the will of Nathan E. Morrill of Buckfield in the County of Oxford.   This case is reported to this court upon an agreed statement of facts.

The clauses of the will which we are asked to construe are 3 and 5. Clause 3 reads as follows:   "I give and devise to Nathan E. Morrill and Ellen U., children of my son Isaac, and their heirs and assigns

forever, all the real estate in Buckfield village that I own at my decease that was formerly owned by my son Isaac and conveyed to me by his administrator, Alfred Cole, now consisting of Isaac's home stand, the large pasture north and west of the railroad, and the field on East Branch near Silas Shaw's , to them or the survivor of them, and in case both shall die without issue, and without selling the same, then I give and devise the same to such of my heirs as may be living at their death, to them and their heirs and assigns forever."

The fifth clause reads as follows: "I give and bequeath property as follows, viz.: To my son Horace three thousand dollars, to my wife Fanny two thousand dollars, to my daughter Ellen Thomes two thousand dollars, to each of the children of my son Horace the sum of one hundred dollars, to Nathan E. and Ellen U. children of my son Isaac the sum of two thousand dollars, viz. one thousand to each or the whole to the survivor of them, the above sums to the above named and their heirs forever, except in the case of the said sum given to the children of my said son Isaac I hereby order and direct that in case both should die without issue, then said sum of two thousand dollars or such part thereof as remains shall revert to my estate for my heirs and I do hereby make the same conditions and stipulations to all property both real and personal that I hereby and herein bequeath and devise to said Nathan E. and Ellen U. viz. that it all reverts to my estate for my heirs unless they or either of them leave a living issue at their decease or a living husband or wife in which case said husband or wife may take such part as a husband or wife inherits and no more."

It is agreed that the plaintiff and the respondents named in the will are all the living persons interested in the estate described in the two paragraphs of the will above set forth, and they all join with the plaintiff in asking that the court construe and interpret the provisions of said will and determine the nature and extent of the estate devised by the third paragraph of said will as modified, if modified, by paragraph five.

In the third clause of the will the property mentioned therein was devised to the devisees, their heirs and assigns. It was a devise in fee simple. In a later part of the clause there was a provision in case both legatees should die without issue, and without selling the property devised, then it was devised to other heirs. In the construction of the clause it is the duty of the court, as stated in *Bradley* v.

*Warren,* 104 Maine, 427," to be governed by the well settled rule that a devise absolute and entire in its terms, presumptively conveys an estate in fee, without words of inheritance, and that any limitation over afterwards is repugnant and void. It may be true that the rule sometimes appears to operate harshly in the probable intent of the testator, but the observance of it has been deemed indispensable to the required certainty and security in establishing titles to property, and especially in the disposition of landed estates."

Later the testator attempted to limit the estate given by him in fee, and in doing so he recognized the right of the devisees to sell and dispose of the property, which conveyance by the above rule would convey the fee. The authorities are cited in the opinion of *Bradley* v. *Warren,* supra, and in all cases that have been before the courts of the different states the rule is recognized as there laid down.

Clause 5 of the will was not a revocation of clause 3. It did not attempt to take from the devisees the property given them in item 3, or to revoke the gift, but merely attempted to impress upon the gift which had been completed in paragraph 3, limitations which were repugnant and void to the gift in paragraph 3. Having given to the devisees by paragraph 3 full dominion of the property it was inconsistent with and destructive of all other rights. *Bacon* v. *Jones,* 68 Maine, 34, quoting Hoar, J. in *Guilford* v. *Choate,* 100 Mass., 343. "An absolute power of disposal in the first taker is held to render a subsequent limitation repugnant and void." It is the opinion of the court that the devise to the plaintiff and Ellen U. Morrill of the property described in the third paragraph of said will was an estate in fee simple.

*Bill sustained; decree according to the opinion.*