METHODIST CHURCH OF MONMOUTH ET AL., In Equity

*vs.*

JOHN FAIRBANKS ET ALS.

Kennebec.    Opinion December 11, 1924.

*When by will a testator bequeaths and devises all his property, real, personal and mixed, to his wife and daughter to their free use and benefit forever and free from the interference and control of any one, with a gift over at the death of the survivor of what was left, if anything, the remainder is void.*

The intent of a testator, however clear, cannot be permitted to violate any rule of substantive law or firmly established canon of interpretation.

It is a well known rule of substantive law that a gift over after an absolute estate with an unqualified power of disposal in the first taker cannot take effect either as a remainder or an executory devise; and it is a firmly established canon of interpretation that a devise without words of inheritance or limitation but coupled with an unqualified power of disposal, either express or implied, conveys an absolute estate.

An unqualified power of disposal is implied by a devise without words of limitation or inheritance followed by a gift over of "the residue," or "the remainder thereof" or "what is left."

Only where there is a simple devise or bequest without words of limitation or inheritance, or any power of disposal, express or implied, in the first taker, and an absence of any other provision showing an intent to create an absolute estate in the first taker, may a gift over overcome the presumption created by Sec. 16 of Chap. 79, R. S., and take effect as a remainder or an executory devise.

On report.  A bill in equity seeking a construction of the first paragraph of the will of Oran Fairbanks who died in 1893.  The only question involved was as to whether the first part of the paragraph of the will conveyed an absolute estate.  After a hearing upon the bill, answer and replication, by agreement of the parties the cause was reported to the Law Court.  Bill sustained.  Decree in accordance with opinion.

The opinion states the case.

*Andrews, Nelson & Gardiner,* for complainants.

*Leroy T. Carleton,* for respondents.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

WILSON, J. A bill in equity for the construction of the will of Oran Fairbanks, late of Monmouth.

The testator by will, drawn apparently by an inexperienced scrivener, disposed of all his property in the following terms: "First, I give bequeath and devise to my beloved wife, Sybil G. Fairbanks and my beloved daughter Clara Fairbanks all the real, personal or mixed property that I may be seized or possessed at my decease to their free use and benefit forever and free from the interference and control of anyone; but if at the decease of my wife Sybil and my daughter Clara, there is any of my property that I give devise and bequeath to them left, it shall be equally divided between the Methodist Episcopal Church of Monmouth Maine and the American Bible Society."

The plaintiffs urge that this language should be construed as creating a life estate only in the first takers, with power of disposal and remainder over to the plaintiffs, inasmuch as such was the apparent intention of the testator.

It is a well settled rule of construction that the intent of the testator should govern unless it conflicts with some positive rule of law or violates some canon of interpretation so firmly established as to have become a fixed rule of law governing the transfer of property. *Barry* v. *Austin*, 118 Maine, 51; *Gregg* v. *Bailey*, 120 Maine, 263.

To uphold the construction contended for by the plaintiffs would violate both.

A devise without words of inheritance but coupled with an unqualified power of disposal, either express or implied, conveys an absolute estate. This rule has been so frequently laid down by this court that it is no longer open to question. · It is now recognized as a "fixed canon of interpretation." *Shaw* v. *Hussey*, 41 Maine, 495; *Hall* v. *Preble*, 68 Maine, 101; *Jones* v. *Bacon*, 68 Maine, 34; *Gregg* v. *Bailey*, supra.

An unqualified power of disposal is implied in the first taker by a devise without words of inheritance followed by such words as: "as to the residue of my estate" and a gift over, *Jones* v. *Bacon*, supra; "the remainder thereof," *Mitchell* v. *Morse*, 77 Maine, 423; "residue of my estate," *Wallace* v. *Hawes*, 79 Maine, 177; "all that remains unexpended,"*Loring* v. *Hayes*, 86 Maine, 351; "what remains," *Taylor* v. *Brown*, 88 Maine, 56; "so much as remains," *Bradley* v. *Warren*, 104 Maine, 423.

The language of the will in the case at bar is especially emphatic. The devise is "to their free use and benefit forever, and free from the interference and control of any one." It is only what is "left" that was to pass to the plaintiffs. Under the decisions above cited and numerous others of similar import an unqualified power of disposal in the wife and daughter was clearly implied, and they took an absolute estate in fee simple in the real estate and an absolute title to any personal property. The remainder over must, therefore, fail, as it is a well known rule of substantive law that a fee cannot be limited upon a fee or another absolute estate, nor can it take effect as an executory devise where there is an unequalified power of disposal in the first taker.

The intent of the testator, however clear, must yield to these fixed rules and what has been termed the judicial intent controls. *Barry* v. *Austin*, supra. Only where there is a simple devise or bequest without words of inheritance or any power of disposal, either express or implied, in the first taker, or any other provision showing an intent to create an absolute estate in the devisee first named, may a provision for a disposal of the property after the death of the first taker overcome the presumption created by Sec. 16, Chap. 79, R. S., that an absolute estate was intended in the first taker, and the remainder to be given effect. In case it otherwise appears, either by words of inheritance or an unqualified power of disposal, that an absolute estate was intended in the first taker, a remainder over must fail for the reason above stated. See *Barry* v. *Austin*, supra, and *Gregg* v. *Bailey*, supra, where the cases involving this question have been collected and distinguished.

Sybil Fairbanks and Clara Fairbanks, therefore, took under the will of Oran Fairbanks an estate in fee in the real estate and an absolute title to any personal property of which he died seized and possessed; and both mother and daughter having died intestate, the balance now in the hands of the administrator of the estate of the daughter, who survived her mother and was her only heir at law, being ready for distribution in the ordinary and usual course of administration of the daughter's estate, may be distributed among her heirs according to provisions of Chap. 80, R. S.

*Bill sustained.*
*Decree in accordance with*
*opinion.*