GLADYS E. WOOD
AND
NORMA WOOD
*vs.*
ALMA LEGOFF

Cumberland.   Opinion, March 13, 1956.

*Daniel C. McDonald,*
*Clifford E. McLaughlin,* for plaintiff.

*George P. Gruna,*
*Frank W. Linnell,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, JJ.  MURRAY, A. R. J.  TAPLEY AND CLARKE, JJ., did not sit.

MURRAY, A. R. J. This is an appeal by the plaintiffs from a decree dismissing their bill in equity. The facts are as follows:

Clifton A. Wood, a married man living apart from his wife for some time prior to 1937, in the year 1937, requested a man named George W. Jewett to purchase this land in question of Harry Sanborn, and to furnish necessary sums of money from time to time for the purpose of erecting a garage upon the land. The real estate was to be in the name of Jewett. At the time Wood agreed to repay Jewett with garage service and repairs on Jewett's fleet of trucks. Jewett bought the property. Wood took possession of it, built the garage, paid the taxes, lived over the garage and had complete control of the property.

By the year 1940 Wood succeeded in paying all that was due to Jewett. On January 8th, 1943, Wood requested Jewett to convey the property to Frank E. Wood, father of Clifton Wood, which Jewett did. That same day Frank Wood made a deed to the defendant LeGoff which was not delivered.

In the year 1945 Frank Wood delivered the above deed to Clifton Wood with the understanding that Clifton would deliver it to the defendant, which Clifton did. In the year 1951 defendant LeGoff requested Clifton to have the deed recorded and Clifton did so.

Mr. Jewett testified that after he was paid off he had no interest in the property, he was simply holding the title for Clifton. No consideration was paid to him at the time deed was made by him to Frank Wood. The following is the only evidence of consideration as to deed from Frank Wood to LeGoff: Miss LeGoff speaking of Clifton Wood said, "He asked me for a dollar bill. I got it and passed it to him." He says, "This is my dollar from you; that makes

it legal." This was at time of delivery of the Frank Wood deed by Clifton to her.

Plaintiffs contend that there was no transfer in law from Clifton Wood to Alma LeGoff, that Clifton was the owner of the property at all times up to the time of his death. That they inherited it from him. They ask that LeGoff be ordered to convey to them, one-third to Gladys E. Wood, widow, and two-thirds to Norma Wood, only child of Clifton Wood. There is also a prayer for general relief.

The evidence shows that Alma LeGoff, from at least the time of the purchase of the land, knew all the facts and could not be called an innocent purchaser without knowledge, if knowledge by her is necessary to uphold the decree which will flow from this decision.

While the defendant denies that there was a trust at any time, she does say in her brief, "However, whether a resulting trust arose or whether Jewett stood in the position of equitable mortgagee, Clifton's rights were so similar that a Court of Equity might not distinguish between them."

The court holds that a resulting trust arose. The purchase price was paid by Clifton Wood. The real estate was conveyed to Jewett. "A resulting trust arises by implication of law when the purchase money is paid by one person and the land is conveyed to another x x x It may be paid for him by the trustee x x x If by force of the law the borrower became bound to repay then a resulting trust arises x x x." This is a quotation from *Herlihy* v. *Coney*, 99 Me. 469. It is quoted in *Anderson* v. *Gile*, 107 Me. 325.

We also hold that the evidence discloses that the father, Frank E. Wood, held the property in trust for Clifton E. Wood. It was a passive trust, the trustee having no active duties to perform, Frank being a mere passive depository of the title. *Dixon* v. *Dixon*, 123 Me. 470-472. We hold that when in 1940 Clifton Wood paid the debt which he

owed, Jewett became a passive trustee until in 1943 when he conveyed the property to Frank E. Wood, he having no active duties to perform, being a mere depository of the title. The title held by Alma LeGoff we pass for the moment while we ascertain the effect of the above findings.

When the trust became passive or dry, by operation of law the trust became executed so that the legal and equitable title vested in Clifton, the only need of a deed from the trustee would be to remove a cloud from the title, but a decree recorded according to R. S., 1954, Chap. 107, Sec. 29, will effectively remove the cloud—*Hinds* v. *Hinds,* 126 Me. 521-528. *Sawyer* v. *Skowhegan,* 57 Me. 500. In the above cited *Hinds* case the *cestui que,* after the trust became passive gave a deed and it was held good.

We hold that Clifton E. Wood, while either or both of the trusts were passive, was seized of the real estate in question, that his wife had not released her right by descent, and that she at Clifton's death as his widow became owner of one-third of the real estate claimed.

She holds this by virtue of R. S., 1954, Chap. 170, Sec. 1, which is: "x x x In any event one-third shall descend to the widow or widower free from the payment of debts."

As to the daughter. It is a general rule that any person of legal age, having a mental capacity to understand the nature of the transaction may be the donor of property of which he is the legal or equitable owner. The law favors every man's right to dispose of his property as and when he will. A gift consistent with the law will not be set aside by the court because the court may regard the gift improvident or undeserved. Equity will not set aside a voluntary conveyance except in case of fraud actual or constructive. *Mallett* v. *Hall,* 129 Me. 148-152.

Fraud is never presumed, it must be proved. If it was alleged in this case, and of this we are not certain, it was

not proved. It does not matter in this case whether a consideration passed for the deed given to Alma LeGoff. If no consideration the conveyance was a gift.

No confusion can arise between Alma LeGoff and Gladys E. Wood as to the title because of our finding that Clifton was the holder of the legal and equitable title yet he gave no deed.

The deed from Frank Wood to Alma LeGoff conveyed the record title. The evidence shows that Clifton Wood intended by what he did in the premises to convey his title to Alma LeGoff.

If Clifton Wood in his lifetime, brought action against Alma LeGoff, to set aside her title, because he had not granted or surrendered his title by a writing signed by him according to R. S., 1954, Chap. 168, Sec. 16, in a suit in equity, on the evidence presented in case now before this court he would be estopped from doing so. The daughter is in no better position than her father would have been.

Equity deals with the substance of things regardless of form or methods. In the case at bar the substance of the transaction was a conveyance by Clifton to Alma LeGoff. *Sacre* v. *Sacre,* 143 Me. 80-96. *Gray* v. *Jordan,* 87 Me. 140-144.

A decree may be filed dismissing the bill as to Norma Wood and ordering Alma LeGoff to convey to Gladys E. Wood one-third of the property described in the bill free from any encumbrance caused by said LeGoff, and the said Gladys E. Wood, if she so desires, is entitled to an accounting to commence from the date of the death of Clifton E. Wood.

*Decree in accordance with opinion.*