No. 17,667.

Alice Chilvers Davey, et al. *v.*
George O. Weber, et al.
(295 P. [2d] 688)

Decided April 2, 1956.   Rehearing denied April 23, 1956.

Messrs. Tweedy & Fowler, for plaintiffs in error.

Messrs. Gelt & Grossman, Mr. Percy S. Morris, for defendants in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

Plaintiffs in error are here on writ of error, seeking to reverse a judgment and decree of the Denver District

Court quieting title to certain real estate in the defendants in error.

Charles H. Chilvers died testate on July 16, 1927. His last will and testament was admitted to probate and record on September 12, 1927. By this instrument he made certain bequests and devises, among them the following: "Fourth, To my wife, Ida L. Chilvers I give and bequeath all my household goods and household effects absolutely." "Fifth: To my wife, Ida L. Chilvers, I further give, devise and bequeath the residue of my estate, both real and personal, wherever situate or found, for and during her natural life, granting unto my said wife the privilege of disposing of any part thereof at any time she may deem it necessary for her welfare, and if at the death of my said wife there shall be any of my estate remaining it shall go to the following named brothers, sisters and sisters-in-law of myself and wife in equal shares: Robert Chilvers, Riverside, Illinois; Lydia M. Cheese, Lemont, Illinois; James W. Chilvers, Downers Grove, Illinois; Frank Chilvers, Lemont, Illinois; Merritt Chilvers, Downers Grove, Illinois; Maggie Weber, wife of George W. Weber, Denver, Colorado; Viola Cole, wife of John Cole, Toronto, Canada; Ella Chilvers, widow of my deceased brother, John Chilvers; and in case any of said beneficiaries cannot take, through death or otherwise, under this will, the share so allotted shall go to their next of kin."

The testator's widow did not renounce the will within the statutory time, hence became bound by its terms.

The widow, Ida L. Chilvers, died testate December 31, 1950. Her will was dated October 13, 1949. She bequeathed to her sister Viola Cole the sum of $5.00 and to her nephews, George O. Weber, W. R. Weber and E. R. Weber, sons of her deceased sister, Maggie Weber, all of the rest, residue and remainder of her estate.

A caveat to the will of Ida L. Chilvers was filed by Viola Cole. She made a settlement of her claims whereby she was to receive thirty-five per cent of decedent's net

estate and George O. Weber, W. R. Weber and E. R. Weber were to receive twenty-one and two-thirds per cent of said assets. Ida L. Chilvers' will was admitted to probate and record.

Pending completion of the probate of the Ida L. Chilvers estate, the Weber brothers and Viola Cole desired to sell certain real estate, and the instant action was commenced to perfect title. The complaint, filed by the administrators with the will annexed in the Ida L. Chilvers estate and the Weber brothers as plaintiffs, named as defendants the nine remaindermen designated in the will of Charles H. Chilvers, all of whom, except Viola Cole had passed away; in addition thirty-four persons, named as next of kin of the nine remaindermen were made defendants. The complaint alleged that Ida L. Chilvers was the fee owner of said real estate and in possession thereof at the time of her death; the terms of Ida L. Chilvers' will were set forth, as well as the written settlement between the Weber brothers and the Coles. It was alleged the claims of all defendants, except Viola Cole, were invalid.

Plaintiffs in error appeared and put in issue the allegations of the complaint to quiet title. Defendants in error filed a motion to dismiss a counterclaim filed by plaintiffs in error, and a motion for summary judgment. Viola Cole filed a similar motion. These motions were granted by the trial court, and the pertinent portion of the court's finding is as follows: "The case of *McLaughlin v. Collins*, reported in 109 Colorado, in my judgment holds that a devise coupled with an unqualified power of disposal conveys an absolute estate. The question then in considering that case in connection with the case at bar is whether the language of the will involved here creates unqualified power of disposal. In my judgment it does, and I so hold. That being my opinion as to the effective language of this will, the McLaughlin case is controlling here; that law is the law of this case. * * *."

From the judgment and decree entered in the trial court, plaintiffs in error seek a reversal.

It is contended by counsel for plaintiffs in error that "the manifest intent of McLaughlin was distinctly different from the manifest intent of Charles H. Chilvers." Able counsel for plaintiffs in error attempt to distinguish the McLaughlin case, but we are not persuaded that there is any difference in the two cases so far as the Colorado rule is concerned.

■ An unqualified power given a life tenant to dispose of property devised by will enlarges the life estate to a fee simple title. Such is the Colorado rule.

While there are two opposing lines of authority upon the question of whether an unqualified power given a life tenant to dispose of the property devised, enlarges the life estate to a fee simple, a majority of the courts have held that such unqualified power does not enlarge the life estate. In *McLaughlin v. Collins* (1942) 109 Colo. 377, 125 P. (2d) 633, however, Colorado adopted the minority rule. In that case the will of the husband gave to his wife Harriet, all of the residue of his estate both real and personal, to be held and enjoyed by her during her lifetime and then provided that all of the personal property might be used, sold or disposed of as she might desire, and that the widow could sell, encumber, transfer or dispose of the real estate for an adequate consideration. It then provided that if the widow died seized or possessed of the real estate of which the husband died seized or possessed, such real estate should descend to one of his sons, to be used and enjoyed by him during his lifetime, and upon the death of the son should descend to the children of the testator's nephew, they to have and hold the same in fee simple. We quote from the McLaughlin case:

"A devise without words of inheritance, but coupled with an unqualified power of disposal, either express or implied, conveys an absolute estate. This rule has been so frequently laid down by this court that it is no longer

open to question. It is now recognized as a 'fixed cannon of interpretation.' *Methodist Church v. Fairbanks,* 124 Me. 187, 126 Atl. 823. If we assume that the words 'during his life' and 'for an adequate consideration' evidenced McLaughlin's intent that should the real estate be sold by Harriet and any proceeds thereof remain in her hands at her death such proceeds should go to Harry, the foregoing rule defeats that intent and confirms Harriet's absolute title to said proceeds. In that case testator gave all his property, real and personal, with power to alienate, to his wife and daughter, but directed that if at their death any of it remained 'it shall be equally divided between the Methodist Episcopal Church of Monmouth, Maine, and the American Bible Society.' This was held, under the rule, a gift absolute to wife and daughter. Here the gift of real estate was to Harriet with power to alienate, with the provision that if at her death any of it remained (either real estate or proceeds we assume), that remainder should go to Harry. The rule would thus convert the bequest into a gift absolute to Harriet."

Paragraph "Fifth" of the Charles E. Chilvers' will contains no limitations on the power of his widow to exercise the power granted. It reads: "* * * granting unto my said wife the privilege of disposing of any part thereof at any time she may deem it necessary for her welfare." This language placed in Mrs. Chilvers the entire control of when, to whom, for what purpose and for what consideration she might dispose of any of the property. Such power is wholly inconsistent with the restrictions and limitations of a life tenancy and vests an absolute fee in the devisee.

Some of the states whose courts have followed the minority rule to which we are committed, have adopted statutes which to some extent alter the rule, but the question here presented was decided in *McLaughlin v. Collins,* supra, hence we affirm the judgment and decree in the instant case.