No. 18,525.

ESTATE OF EDWARD S. ZELL, ET AL. *v.*
ALICE McCARTY ZELL, ET AL.
(351 P. [2d] 272)

Decided April 4, 1960.    Rehearing denied May 2, 1960.

Messrs. MURRAY, BAKER & WENDELKEN, for plaintiffs in error.

Mr. THOMAS M. BURGESS, for defendant in error Alice McCarty Zell.

Mr. DAVID P. STRICKLER, for defendant in error First National Bank of Colorado Springs, executor.

*In Department.*

Opinion by MR. CHIEF JUSTICE SUTTON.

THIS proceeding is based upon a petition filed with the County Court of El Paso County, Colorado, by Alice McCarty Zell, defendant in error, for construction of Article III of the last will and testament of Edward S.

Zell, Deceased. Plaintiffs in error are the remainder men named in Article III of said will and seek reversal of the decision of the county court holding that Mrs. Zell was vested with an absolute fee simple estate in and to all the property covered by said Article III which reads as follows:

"I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal and mixed and wheresoever the same may be situate, unto my present wife, Alice McCarty Zell, for and during her natural life, with the full right and authority to sell, transfer and convey any portion or the whole of this bequest if she in her sole discretion determines that she is at any time or times in need thereof, without obtaining any order or in anywise accounting to any Court therefor; and in the event that she shall die before she has so disposed of this bequest, then I give, devise and bequeath such remaining portion of this bequest to Mrs. F. E. Browne, now of Santa Barbara, California; Fredericka B. Jones, now of Los Angeles, California; Kathryn B. Olsen, now of Santa Barbara, California, and Elizabeth D. Browne, now of Santa Barbara, California, and to the survivors or survivor of them, share and share alike."

It appears that all said property remaining under the will and not specifically disposed of or used for payment of debts is in the possession of The First National Bank of Colorado Springs and that none has been distributed since the death of Mr. Zell.

The sole question determined by the trial court, and now before us upon this writ of error, is whether Article III of said will in legal effect granted to Alice McCarty Zell the residue and remainder of the estate in fee simple.

Since the decision in *McLaughlin v. Collins, Executor* (1942), 109 Colo. 377, 125 P. (2d) 633, Colorado has followed what is termed the minority rule in interpreting such testamentary remainders. Our re-affirm-

ance of this rule appears in *Davey v. Weber* (1956), 133 Colo. 365, 295 P. (2d) 688, wherein it was stated:

"An unqualified power given a life tenant to dispose of property devised by will enlarges the life estate to a fee simple title. Such is the Colorado rule.

"While there are two opposing lines of authority upon the question of whether an unqualified power given a life tenant to dispose of the property devised, enlarges the life estate to a fee simple, a majority of the courts have held that such unqualified power does not enlarge the life estate. In *McLaughlin v. Collins* * * *, however, Colorado adopted the minority rule."

The wording of the Zell will, as far as the rights of the remainder men are concerned, is in fact no different from that concerning the rights given to the remainder men in *McLaughlin*.

The judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE KNAUSS concur.