Eleanor BROWNE, Executrix U/W
Victor C. Sylvester

v.

Eva DUBEY; Rachel Woodbury; Jennie
Y. Sylvester; Fred Sylvester; Emma A.
Hill; Elizabeth G. Wallace; Nellie J.
Graeb; Judith E. Sylvester; and Muriel
J. Sylvester.

Supreme Judicial Court of Maine.

March 19, 1969.

Arnold Lane, Bridgton, for plaintiff.

Joseph Margolin, Norway, Christopher A. Moen, Jr., Portland, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DU-FRESNE, and WEATHERBEE, JJ.

MARDEN, Justice.

On report, upon agreed statement of facts and exhibits.

The problem arises out of the consecutive clauses of the Will of Maurice A. Sylvester who died on June 18, 1955 and whose will was allowed on August 15, 1955. The clauses read as follows:

"FOURTH: My homestead farm on the east side of the Kansas Road in Bridgton, Maine, I give, bequeath and devise to my son, Victor Sylvester to have and to hold to him and his heirs and assigns forever.

"FIFTH: My wood lot on the west side of the Kansas Road in Bridgton and the cottage and contents thereof I give, bequeath and devise to my daughters, Rachel Woodbury and Eva Dubey, as joint tenants and not as tenants in common, to have and to hold to them and their heirs and assigns forever, reserving, however, a right of way to and the use of my cottage on Long Lake to my wife and to my sisters or brother during their life or the survivor of them."

The homestead farm mentioned in Clause Fourth of the Will had some shore frontage on Long Lake and on the date of the Will bore a cottage.

The wood lot mentioned in Clause Fifth of the Will did not on the date of the Will, nor at any time since, bear a cottage.

Victor Sylvester, the devisee in Clause Fourth, died on October 9, 1959 leaving a Will which was allowed on December 17, 1959, and of which Will the plaintiff is Executrix. By clause Second of his Will, the residue of his estate, which included part of the property devised him under Clause Fourth of the Maurice Sylvester Will, was devised to two daughters, Judith and Muriel, now Judith Sylvester Chandler and Muriel Sylvester Maxey, here among the defendants.

It is necessary on behalf of the Victor Sylvester Estate to petition for license to sell his real estate.

Plaintiff as his executrix seeks a determination of the rights, if any, in said real estate, which rest in the defendants, they being the two daughters of Victor above mentioned, and the two daughters, a brother and three sisters of the said late Maurice Sylvester. The executrix of the Maurice Sylvester Will is also made defendant. Only Eleanor Browne, Executrix, Eva Dubey and Victor's daughters, Judith and Muriel, are parties to this proceeding.

The issue is whether or not the late Victor Sylvester owned the homestead farm in fee or whether the title to it is limited, and if so in what way, by Clause Fifth of the Maurice Sylvester Will.

Clause Fourth devises to Victor Sylvester in classical form the homestead farm in fee simple. The existence, location and bounds of the farm are not in issue and the traditional words of inheritance are included. The same is true in Clause Fifth of the wood lot, as devised to the two daughters, Rachel Woodbury and Eva Dubey.

It will never be known whether reference to a cottage on the wood lot was the faulty memory of an elderly person, or an insufficient explanation to the scrivener. It could be found that the intent of the testator was to give the cottage and contents as personalty to his daughters as joint tenants, in acceptable terms, subject to a life estate for its use in his wife, brother and sisters, leaving access to the same to his daughters by right of way of necessity, if at all, and by reservation (implied grant, Engel v. Ayer, 85 Me. 448, 453, 27 A. 352) for the benefit of his wife, brother and sisters. This state of the title leads to a situation which was characterized by counsel for defendants Judith and Muriel as "granting a fee in the homestead farm to Victor subject to a right of way for the life of Victor's mother, aunts and uncle, which right of way is for the use of a cottage owned in fee as personalty by Victor's two sisters but subject to a life estate in the sisters' uncle and aunts," and which is ambiguous and obscure.

The problem created by Clauses Fourth and Fifth is not so much the alleged ambiguity and obscurity as one of repugnancy.

"It is a well-settled rule of construction that the intent of the testator should govern unless it conflicts with some positive rule of law or violates some canon of interpretation so firmly established as to have become a fixed rule of law governing the transfer of property. * * *.

* * * * * *

"A devise without words of inheritance but coupled with an unqualified power of disposal, either express or implied, conveys an absolute estate. This rule has been so frequently laid down by this court that it is no longer open to question. It is now recognized as a 'fixed canon of interpretation.'" Methodist Church of Monmouth et al. v. Fairbanks et al., 124 Me. 187, 188, 126 A. 823, 824.

A fortiorari this Clause Fourth devise expressly in fee simple makes the proposed limitation in Clause Fifth repugnant and void. Morrill v. Morrill, 116 Me. 154, 155, 100 A. 756.

"It may be true that this rule sometimes appears to operate harshly in defeating the probable intention of the testator, but the observance of it has been deemed indispensable to the required certainty and security in establishing titles to property and especially in the disposition of landed estates." Bradley v. Warren, 104 Me. 423, 427, 72 A. 173.

The late Victor Sylvester owned the homestead farm in fee simple without limitation or incumbrance purportedly created by Clause Fifth. In declaring this law of real property, the treatment of the cottage as personalty which may be removed from the homestead farm, thereby recognizing pro tanto the testator's intent, is not foreclosed.

This Court received a brief on behalf of only Judith E. Chandler and Muriel J. Maxey. For the second time in too short a period we "deplore the failure of counsel

* * * to assist the Court with written brief as intended by our rules," Patterson v. Rossignol et al., Me., 245 A.2d 852 [17] 858, and inherent in professional conduct.

So ordered.