**Judith E. CHANDLER, Muriel J. Maxey**

**v.**

**Joseph L. DUBEY, Rachel Woodbury.**

Supreme Judicial Court of Maine.

Sept. 4, 1974.

Preti & Flaherty, by Arthur A. Peabody, Portland, for plaintiffs.

Aldrich & Aldrich, by Rupert F. Aldrich, South Paris, for defendants.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WER-NICK, ARCHIBALD, and DELAHAN-TY, JJ.

ARCHIBALD, Justice.

A Justice of the Superior Court ordered that judgment issue for the defendants on a motion for summary judgment brought

by the plaintiffs in their action for declaratory judgment against Joseph L. Dubey and Rachel Woodbury.[1] The plaintiffs have appealed. We deny the appeal.

This litigation is an aftermath of our decision in Browne v. Dubey, 251 A.2d 424 (Me.1969).

The motion for summary judgment was submitted to the Justice below on an agreed statement of facts, which we will briefly summarize.

The complaint sought a declaration that the plaintiffs were the owners of certain real estate in Bridgton which they inherited under the will of their father, Victor C. Sylvester who, as decided in *Browne, supra,* was the owner of the fee in the property bequeathed to him in the fourth paragraph of the will of Maurice A. Sylvester. While *Browne* was pending, Eva Dubey (deceased wife of defendant Joseph L. Dubey, sister of defendant Rachel Woodbury, and the plaintiffs' aunt) purchased from the Town of Bridgton its title to the premises in litigation, which had been acquired by perfecting liens for unpaid taxes for the years 1961 and 1962. The agreed statement submitted to the Justice below, upon which the decision was to rest, included the following:

"16. For the purposes of this action for declaratory judgment, and this action only, it is agreed that by virtue of the afore-mentioned tax liens, the title of the premises was in the Town of Bridgton for the 1961 taxes on December 15, 1963, and for the 1962 taxes on December 7, 1964."[2]

The Justice below framed the issue as follows:

"This issue is as stated in Plaintiffs' brief: whether there was such a community of interest between the Plaintiffs and Eva Dubey at the time of her purchase of tax title from the Town of Bridgton that Mrs. Dubey must be found to have been a trustee under a constructive trust in favor of the Plaintiffs. Such a community of interest must be found, if at all, in one of the following three circumstances herein:

1. That the Plaintiffs were nieces of Eva Dubey.

2. That by virtue of a disputed title at the time of the purchase Plaintiffs and Eva Dubey were in effect co-owners.

3. That Plaintiffs and Eva Dubey were at the time co-defendants in a pending litigation involving the title in question."

In refusing to grant the plaintiffs' requested relief, the Justice below properly concluded that the essential elements of a constructive trust had not been established. We held in Sacre v. Sacre, 143 Me. 80, 94, 55 A.2d 592, 600 (1947):

"Constructive trusts are based on fraud, abuse of confidential relations, oppression or mistake."

Stated in broader language:

" 'A constructive trust will be imposed by the Courts in order to do equity and prevent unjust enrichment when title to property is acquired by fraud, duress, undue influence or is acquired or retained in violation of a fiduciary duty.' "

---

1. "Summary judgment, when appropriate, may be rendered against the moving party." Rule 56(c) M.R.C.P.

2. The title to property acquired by municipalities for unpaid taxes may be questioned under a variety of circumstances, recognizing that taking property for unpaid taxes is a forfeiture and requires strict compliance with many statutory procedures which the legislature has mandated. Since the complaint sought relief on the theory that Eva Dubey acquired a valid title from the Town of Bridgton, but held it in trust for the benefit of the plaintiffs, we must assume that, as between these parties, all other issues relative to the tax title have been conceded, leaving open only the issue before us.

Rovenko v. Bokovoy, 77 N.D. 740, 45 N. W.2d 492, 496–497 (1950); *see also* Mills v. Mills, 147 Cal.App.2d 107, 305 P.2d 61 (1956); Restatement, Restitution, § 160.

Since the agreed statement of facts contains nothing from which it could be inferred that Eva Dubey was guilty of any fraud or deceit directed at the plaintiffs and is likewise deficient in reciting any facts from which duress or undue influence could be found, we are necessarily limited to the sole issue of whether she had acquired and retained the tax title in violation of any fiduciary duty owed the plaintiffs.

"The circumstances which may create a fiduciary relationship are so varied and so difficult to foresee that courts have thought it unwise to attempt to make comprehensive definitions."

Sacre v. Sacre, 143 Me. at 95, 55 A.2d at 600.

■ Our research has disclosed no case in which the isolated fact of a blood relationship creates a fiduciary relationship. Under circumstances where a blood relationship does exist, additional factors must be present before the foundation for a constructive trust can be established. *See* Wood v. LeGoff, 152 Me. 19, 121 A.2d 468 (1956); Dietz v. Dietz, 244 Minn. 330, 70 N.W.2d 281 (1955).

■ There is no evidence upon which could be founded the conclusion that the parties dealt with each other in confidence. For example, there was no understanding between them that Eva Dubey would pay these taxes and hold the title conditionally pending the outcome of the litigation in *Browne*. The stipulation makes clear that the tax liens were duly recorded in the Registry of Deeds, as was the tax deed given to Mrs. Dubey. The record is silent

as to any effort or attempt by these plaintiffs through their guardian ad litem during their minority, or by them personally after attaining majority, to pay the taxes assessed against the property in litigation.[3]

■ Neither could the relationship be founded on the assumption that since both the plaintiffs and Eva Dubey were contending for title in *Browne* they, in effect, should be considered as co-owners. The record leaves no doubt that the contrary was true, namely, that each was claiming full and exclusive ownership. The fact that parties may be litigants in an action involving title to real estate does not give rise to such a confidential relationship that it would be inequitable for one of the litigants, acting in good faith and without fraud, to acquire an outstanding title from a third party, particularly where such acquisition would preserve the litigants' claim of title.

■ The stipulation is completely silent as to any effort by Eva Dubey to conceal her purchase of the tax title. It was recorded in the Registry of Deeds. Since the property was assessed for the years 1961 and 1962 to the plaintiffs and since it was stipulated that the ultimately acquired tax title was valid, we must assume that the statutory procedure was followed, thus giving the plaintiffs notice not only that the taxes were not paid, but that a lien was claimed thereon for non-payment.[4] Why the plaintiffs or their guardian ad litem did not utilize the statutory period of redemption is not stipulated. Neither is it suggested that Eva Dubey's acquisition of the tax title was accomplished under any collusive understanding with the Town of Bridgton.

Thus, it is clear to us that the plaintiffs have failed in their burden of proving the

---

3. Although both plaintiffs were then minors, the Town of Bridgton assessed the taxes to them for the years 1961 and 1962. Plaintiff Chandler became 21 years of age on January 11, 1963, and Plaintiff Maxey became of age on July 7, 1965. Additionally, Mrs. Dubey

paid the taxes for the years 1966 through 1971, and defendant Joseph Dubey paid the 1972 taxes.

4. 36 M.R.S.A. §§ 942, 943.

existence of a constructive trust by legally sufficient evidence. Sacre v. Sacre, *supra*.

The entry is:

Appeal denied.

All Justices concurring.